BALDWIN et al. v. JORDAN et ux.
(No. 358.)

(Court of Civil Appeals of Texas. El Paso.
Nov. 19, 1914. Rehearing Denied
Dec. 17, 1914.)

1. PLEDGES (§ 57*)—ACTION TO FORECLOSE—
SUFFICIENCY OF PETITION.

In an action on a principal, note for the
amount shown to be due and for attorney's fees
provided therein, less the .credits, and for a fore-
closure of the plaintiff's lien upon a note given
as collateral security and for an order for its
sale, the petition was not insufficient because it
did not allege that the collateral note was ever
presented to the payor for payment, or that pay-
ment thereof was ever refused.

[Ed. Note.—For other cases, see Pledges, Cent.
Dig. §§ 184, 185; Dec. Dig. § 57.*]

2. PLEDGES (§ 57*)—ACTION TO FORECLOSE—
SUFFICIENCY OF PETITION—DEFENSIVE MAT-
TERS.

In such action, the petition was not insuffi-
cient because it did not allege that the payor of
the collateral note had not paid it to plaintiff,
or that defendants were not entitled to any cred-
it on the principal note sued on, by reason of
any payment on the collateral note, since such
payments were defensive matters.

[Ed. Note.—For other cases, see Pledges, Cent.
Dig. §§ 184, 185; Dec. Dig. § 57.*]

3. PLEDGES (§§ 21, 30*)—COLLATERAL NOTE—
RIGHTS OF PARTIES.

When a collateral note has been indorsed
and delivered, the pledgee is the legal owner of
it to the extent of the debt, and the pledgor is
the owner of the remainder, and the pledgee is
entitled to collect the note, though he must use
diligence in doing so.

[Ed. Note.—For other cases, see Pledges, Cent.
Dig. §§ 45, 184, 185; Dec. Dig. §§ 21, 30.*]

4. PLEDGES (§ 57*)—ENFORCEMENT—PARTIES.

In an action on a note for the amount
shown to be due, and for attorney's fees provided
therein, less the credits, and for a foreclosure
of the plaintiff's lien upon the collateral notes
and a sale thereof, the payor of the collateral
note, who indorsed it in blank, was not a neces-
sary party defendant to the suit on the princi-
pal note.

[Ed. Note.—For other cases, see Pledges, Cent.
Dig. §§ 184, 185; Dec. Dig. § 57.*]

Appeal from District Court, Harris Coun-
ty; Wm. Masterson, Judge.

Action by G. W. Jordan and wife against
J. C. Baldwin and others. Judgment for
plaintiffs, and defendants appeal. Affirmed.

Stevens & Stevens, of Liberty, and Bald-
win & Baldwin, of .Houston, for appellants.
J. V. Meek, of Houston, for appellees.

WALTHALL, J. On February 7, 1911, ap-
pellants Jacob C. Baldwin and Charles H.
Taylor executed and delivered to appellee
Mrs. Cora Jordan, wife of appellee G. W.
Jordan, a promissory note for $1,239, due in
six months from date, promising interest and
attorney's fees on failure to pay the note or
interest when due, should the note be placed
in the hands of an attorney for collection, or
if collected by legal proceedings, and any
judgment rendered to bear 10 per cent. in-
terest. The note further pledged, as collat-
eral security for the payment of the prin-

cipal note, one note for $2,140, made by K.
H. Whitmire to Jacob C. Baldwin, of date
February 1, 1910, due in two years, and se-
cured by vendor's lien on real estate. The
note further provided that in the event of
default in its payment at the option of Mrs.
Cora Jordan, or holder, the note should be-
come due and payable, and that, upon default
of payment at maturity, Mrs. Cora Jordan
was authorized and empowered to sell the
collateral ·Whitmire note, either at private
sale or ,at public auction at her option, for
the purpose of paying the note: Should the
collateral note be sold at auction, three days'
notice of the time and place of sale should
first be given, as provided in the note, all
costs to be charged to the makers of the note,
and, on a sale, the holder could become the
purchaser of the collateral note, if the high-
est bidder. The note then made further pro-
vision for costs in event of any litigation on
the collateral note. On March 27, 1913, ap-
pellees brought suit on the principal note for
the amount shown to be due and for attor-
ney's fees, less the credits indorsed on the
note, and asked for a foreclosure of the pledg-
ee's lien upon the collateral note and for or-
der of sale and for general and special relief.
Jury was waived. The court overruled de-
fendant's exceptions, heard the evidence, and
rendered judgment for plaintiffs.

[1] Appellant's first assignment of error
complains of the order of the court in over-
ruling their special exception to plaintiffs'
petition because it failed to allege that the
collateral note was ever presented to the
payor, Whitmire, for payment, or that pay-
ment thereof was ever refused. If the suit
had been on the collateral note or some rea-
son shown in plaintiff's petition why demand
should have been made on the payee of the
collateral note by the holder, the exception
might have been well taken; but the petition
shows none, and appellants have pointed out
none. The assignment is overruled.

[2, 3] The second assignment is to the ef-
fect that the court should have sustained
their exception to plaintiff's petition, because
it did not allege that Whitmire had not paid
to plaintiff the collateral note or that de-
fendants were not entitled to any credit on
the note sued on by reason of any payment
on the collateral note. Whether the note sued ·
on or the collateral note had been partly paid
or fully paid were defensive matters and need
not be alleged by the plaintiff. The appel-
lants, under their first proposition under this
assignment, state correct propositions of law,
but have no application to the assignment. It
is elementary that, when a collateral note
has been indorsed and delivered, the pledgee
is the legal owner of it to the extent of the
debt, and the pledgors are owners of the re-
mainder, and that the pledgee is entitled to
collect the note and must use diligence to do
so, but there is nothing in these principles of

law that necessitate or even suggest the propriety of the holder of the collateral note to make any statement at all, in suing on the principal note, with reference to it, more than the fact of the pledge, the lien given by reason thereof, and a prayer for the foreclosure of the pledgee's lien. A pleader may, if he prefers to do so, show all credits the defendants are entitled to, and, if the collateral note is then due, may embrace it in his suit and ask a foreclosure of the vendor's lien, but he is not required to do so.

[4] By defendant's third and fourth assignments they claim that Whitmire, the payor of the collateral note, was a necessary party defendant in the suit on the principal note, and, if not a necessary party, then a proper party, and complain that the court should have given them permission to make Whitmire a party defendant, in order that all matters between plaintiffs and defendants and Whitmire might be adjusted, and that Whitmire in that suit might have an opportunity to foreclose the vendor's lien expressed in the collateral note. We have carefully examined defendant's first amended original answer, and find no facts alleged which to us would seem to justify the trial court in delaying the plaintiff's suit in order to bring in Whitmire, and require the plaintiffs, if the court could properly do so, to sue on the collateral note and adjust the equities, if any, between the defendants and Whitmire, and to foreclose the vendor's lien expressed in the collateral note. The collateral note was indorsed in blank by the payee, and we must look to the principal note described above to see the parties' agreement with reference to it. Unless Whitmire was a necessary party to the suit on the principal note, the court's ruling was correct. To hold that Whitmire was a necessary party to a suit on the principal note would be to hold that the holder of the principal note could not elect to sue on it without, also, at the same time, suing on the collateral note. We do not so understand the law, and the appellants have referred us to no authority so holding. Appellants refer us to the case of East Texas Fire Ins. Co. v. Coffee, reported in 61 Tex. at page 287. The point contended for here is not found or decided in that case. That was an action brought by Coffee to recover on a policy of insurance against fire issued by the insurance company to Coffee & Pearson, which, with the consent of the insurance company, was transferred by Coffee & Pearson to Coffee. The action was brought by Coffee in his own name and right as the owner of the policy, but the evidence developed the fact that, after the loss, Coffee assigned the policy to Seeligson & Co., probably as collateral security for a debt due by him to that company. The court held in that case in the language quoted by appellants in their brief:

"A debtor is entitled to have before the court, before a judgment can be rendered against him, such person or persons as plaintiffs as will make the judgment conclusive of the rights of all parties who have an interest in the debt, and be thus be relieved from further costs, vexation, or liability."

We do not think that case conflicts with our holding in this. The cases appellants refer us to as authorities on the proposition under consideration are cases where suits were brought on the collaterals held, or where separate suits on the principal debt and on the collateral were pending in the same court, and a consolidation of the two was ordered by the trial court. In their fifth and sixth assignments, appellants complain that they should have been allowed the credits shown on the principal note and on the collateral note, which was not done. We have made the calculation as near as we can, and find that the credits were all allowed, with a small margin in appellee's favor.

The case is affirmed.