## LEWIS v. SMITH et al. (No. 2735.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 24, 1926. Rehearing Denied Jan. 5, 1927.)

1. **Banks and banking** ⬯179—Statute, providing that sale of notes, received by bank for money loaned, must be authorized by board of directors, held inapplicable to notes held as collateral by bank as pledgee (Rev. St. 1925, art. 499).

Rev. St. 1925, art. 499, providing that no officer of a bank shall have power to sell any note received by it for money loaned unless authorized by the board of directors, applies to securities owned by the bank and executed for money loaned to the borrower, and not to notes held as collateral in which the bank has only a qualified interest as pledgee and a special title.

2. **Pledges** ⬯21—Pledgee of notes has only qualified interest and special title.

Pledgee of notes is owner to extent of debt, but has only a qualified interest and a special title.

3. **Bills and notes** ⬯443(3)—Where pledgee received sum paid by one purchasing pledged notes and applied sum on debt, purchaser held prima facie entitled to recover on notes.

Buyer of pledged notes held to have prima facie right to recover on them, where he paid consideration to pledgee who credited sum on pledgor's debt, and both pledgee and pledgor executed transfer.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. Evidence ⬳73 — Corporation is presumed not to act ultra vires.

Court presumes that corporation does not act ultra vires.

Appeal from District Court, Crosby County; Clark M. Mullican, Judge.

Suit by D. D. Lewis against T. A. Smith and others. Judgment against plaintiff, and he appeals. Reversed and remanded.

Patterson & Grantham, of Cisco, for appellant.

Lockhart & Garrard, of Lubbock, for appellees.

HALL, C. J. Lewis instituted this suit against T. A. Smith, as principal, and W. H. Powers, as indorser, to recover the principal, interest, and attorney's fees due upon nine vendor's lien notes, executed by Smith to Powers and indorsed by Powers, the principal of said notes aggregating $14,999.94, and also to recover the principal, interest, and attorney's fees due upon a note executed by T. A. Smith and one T. T. Easter, Jr., said note alleged to have been executed in payment of one year's interest on the nine notes referred to, and to foreclose the vendor's lien upon the land described in the notes and deed.

Smith answered by general demurrer, general denial, and certain special pleas which seem to have been abandoned during the trial. Powers and Easter did not answer. A jury was waived and the trial was to the court.

It appears that Powers had previously sold certain real estate to Smith for which the nine notes were given in part payment. These notes were subsequently transferred by Powers to the Desdemona State Bank as collateral security for certain indebtedness due from Powers to the bank. Thereafter, on May 21, 1921, the ten notes above mentioned were sold to the plaintiff for a cash consideration of $12,300, and Powers, together with the bank, made a written transfer of the notes and of the vendor's lien to the plaintiff, Lewis. The transfer of the notes from Powers to the bank, and also the transfer thereof by Powers and the bank to plaintiff recited that the notes were held by the bank as collateral security for Powers' indebtedness. Upon the sale to plaintiff, the bank received the full consideration paid for the notes and credited the amount on the indebtedness due it from Powers. Upon default in the payment of one of the notes, they were placed in the hands of plaintiff's attorney and this suit instituted.

It appears that, about the time the notes were transferred to plaintiff, the bank became insolvent, but neither the bank nor the commissioner of banking was made party to the suit.

[1, 2] The court rendered a judgment against the plaintiff, holding that he was not entitled to recover because he failed to plead and prove that the board of directors of the bank had authorized the sale of the notes to plaintiff. It seems that the sale was made by the active vice president and managing officer of the bank. The controversy is presented here under several contentions, which, we think, it is unnecessary to consider in detail.

Revised Statutes, art. 499, provides that no officer shall have the power to sell any note received by such bank for money loaned until such power and authority have been given such officer by the board of directors in a regular meeting of the board, a written record of which proceeding shall have first been made upon the minutes of the corporation, and further provides that any such sale without such authority shall be null and void. We think the trial court erred in basing his judgment upon this article of the statutes. The article in question refers to securities owned by the bank and executed for money loaned to the borrower. Plaintiff did not buy the note which evidenced Powers' indebtedness to the bank, and this statute has no application to negotiable instruments held by the bank as collateral. Washington County State Bank v. Central Bank & Trust Co. of Houston (Tex. Civ. App.) 168 S. W. 456. The bank was the legal owner of the collateral notes to the extent of Powers' indebtedness, but it was simply the pledgee of the notes and, as such, had only a qualified interest and a special title to them. Baldwin v. Jordan (Tex. Civ. App.) 171 S. W. 1016; Beer v. Landman, 88 Tex. 450, 31 S. W. 805; 31 Cyc. 808–810.

[3, 4] Since the bank received the consideration which plaintiff had paid for the notes and credited the amount upon the indebtedness due it from Powers, and since both the bank and Powers had executed the transfer of the notes and lien, plaintiff had a prima facie right to recover. Even if the notes had been owned by the bank and were executed for money loaned to either Smith or Powers, we doubt whether it would have been necessary for the plaintiff, in suing on them, to plead and prove the authority of the managing vice president under the statute to make the transfer as a condition precedent to a right to recover. The presumption generally obtains that a corporation does not act ultra vires, but, since the statute does not apply to the notes in question, there was no necessity for any such pleading or proof in this case.

The right of the plaintiff, as the assignee of the bank, to recover the full amount of the notes was not questioned, and the validity of the assignment by the bank is attacked only upon the conditions prescribed by article 499. Since the court erred in denying plaintiff a recovery, and such action is based upon the application of that article to the facts

round, the judgment must be reversed and the cause remanded for another trial. ·

Reversed and remanded.