SPENCER v. CITIZENS' STATE BANK OF WOODVILLE.

No. 3390.

Court of Civil Appeals of Texas. Amarillo.
May 7, 1930.

Rehearing Denied June 18, 1930.

Levy & Evans, of Fort Worth, for appellant.

Wheat & Thomas, of Woodville, Collins & Houston, of Dallas, and Oswald S. Parker, of Beaumont, for appellee.

HALL, C. J.

The appellee bank sued the appellant, Spencer, to recover upon a promissory note in the principal sum of $5,000, executed by the appellant on April 20, 1927, and payable four months after date, to Homer N. Chapman, and indorsed by Chapman to S. W. Sibley. Chapman and Sibley were made parties defendant.

The petition is in the usual form, and it is alleged that the note was indorsed in blank by Chapman to Sibley, and was sold, transferred, assigned, and delivered to appellee bank for valuable consideration. Spencer alleged that he executed the note payable to Chapman without receiving value therefor, and for the sole purpose of lending his name to Chapman and Sibley, with the understanding that, after its execution, it would be indorsed by his codefendants, and that he was an accommodation maker, and only liable as such. He further alleged that the appellee, hereinafter called the Citizens' Bank, was not entitled to recover, in that on April 10, 1927, it entered into an agreement with the Guaranty State Bank of Woodville, hereinafter called the Guaranty Bank, by the terms of which the Guaranty Bank transferred all of its assets to the Citizens' Bank, and executed a certain note in the sum of $8,500, payable to the order of the Citizens' Bank, in consideration of the assumption by said bank of all obligations of the Guaranty Bank, which was going out of business; that Sibley indorsed the $8,500 note, and delivered the $5,000 note sued upon to the Citizens' Bank as collateral security on his indorsement of the note for $8,500; that it was expressly agreed between Sibley and the Citizens' Bank, and stipulated as a condition in pledging the note sued upon, that said note should be held only as collateral to Sibley's indorsement, and in no event should be resorted to as security or recourse had upon it until the assets and securities of the Guaranty Bank, which were pledged by said bank as security to the larger note, and all remedies to en-

force the payment of the Guaranty Bank's indebtedness and the statutory liability of its stockholders had been fully exhausted; that said terms and conditions had never been complied with; that at the time Sibley agreed to deliver, and did deliver, the note sued upon to the Citizens' Bank as collateral security to his indorsement of the larger note, he informed said bank that the note sued upon was accommodation paper, executed by appellant as such, and that the Citizens' Bank received and accepted said note with full knowledge; that the note sued upon was never the property of the Guaranty Bank, and, if it was delivered by Sibley to the Citizens' Bank to secure any indebtedness of the Guaranty Bank, then such delivery was without the knowledge or consent of appellant, and such misappropriation was a wrongful diversion of the note and an illegal use of appellant's name, contrary to the agreement, all of which was known to the Citizens' Bank.

By a second supplemental petition, the Citizens' Bank alleged that it became the holder of the note sued on in due course for a valuable consideration, without notice or knowledge of any defects or infirmities therein; that it was indorsed, transferred, and sold to it by Sibley as collateral security to a note of the Guaranty Bank executed to the Citizens' Bank in the sum of $8,500 April 25, 1927; that said last note was secured by assets of the Guaranty Bank, which consisted of a list of notes payable to said bank aggregating $17,939.91, of which only the sum of $821.66 had been collected, and that the remaining notes were worthless; that assessments against the stockholders of the Guaranty Bank were remote possibilities of collecting anything further, as all of the stockholders, except one or two, were notoriously insolvent, and that the amount to be received or recovered from said stockholders would not exceed $2,000 gross, and that the cost of collection would probably equal that amount.

The case was submitted to a jury upon special issues, in response to which the jury found: (1) That Sibley did not pledge the $5,000 note sued upon as collateral to his endorsement only; (2) that Sibley did not inform the Citizens' Bank that appellant executed the $5,000 note as accommodation paper to be used for the benefit of Sibley in obtaining credit for himself; (3) that the Citizens' Bank did not, as a part of the transaction by which Sibley indorsed the $8,500 note, agree that it would exhaust the assets of the Guaranty Bank in an effort to collect the $8,500 note before resorting to the Spencer note.

Based upon this verdict, judgment was rendered against appellant, Spencer, for the full amount of the note sued upon, from which judgment this appeal is prosecuted.

■ Appellee's motion for judgment was not granted until the succeeding or June term, and it appears from the record that judgment was neither rendered nor entered until the succeeding term of the court. The first proposition urged is that, unless a judgment is actually rendered by the court at the same term upon which the verdict is returned, a rendition thereof at a subsequent term, without the consent of the parties, is void. This contention is overruled upon the authority of Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355, construing Vernon's Annotated Statutes 1925, art. 2092, subd. 28.

■■ The next contention is that the maker of an accommodation note cannot be held liable in a suit thereon where such accommodation note is pledged as collateral to secure another note which does not represent a valid and subsisting obligation. Under this proposition it is insisted that the transaction between the two banks, whereby the appellee bank acquired the assets of the Guaranty Bank and succeeded to all of its rights, was a nullity, and that the note for $8,500 given by the Guaranty Bank, and executed by Sibley as its president, was ultra vires and void. The appellant has no pleading attacking that transaction. It appears from the entire record that the Guaranty Bank was threatened with insolvency, if not in fact insolvent, and by an agreement transferred its assets to the Citizens' Bank with the full knowledge and consent of the banking commissioner; that, by the terms of that agreement, Sibley, as president of the Guaranty Bank, executed the note for $8,500, which amount was part of the consideration for the contract through which the appellee bank agreed to assume certain obligations of the Guaranty Bank. The appellant did not allege or show that the transaction was without the knowledge or consent of the stockholders, and is therefore in no position to urge the objection to the validity of the $8,500 note in this court. Moreover, it is held that such a transaction, if illegal, can be attacked only by the state or by some creditor of the Guaranty Bank. Taylor v. Callaway, 7 Tex. Civ. App. 461, 27 S. W. 934; H. & T. C. Ry. Company v. Shirley, 54 Tex. 125; Brooks v. Zorn (Tex. Civ. App.) 24 S.W.(2d) 742; Taylor Feed Pen Company v. Taylor National Bank (Tex. Civ. App.) 181 S. W. 534; City of Fort Worth v. National Bank (C. C. A.) 261 F. 817; 1 Morse on Banking (Sixth Edition) § 320; 2 Morse on Banking (Sixth Edition) § 622A, note 11. It was not shown that appellant, Spencer, was either a stockholder or creditor of the Guaranty Bank. No objection by the state is shown in the record to the transaction by which the Citizens' Bank took over the property of the Guaranty Bank.

■ Revised Statutes, art. 499, has no application to this case. The note sued upon was not the property of the Guaranty Bank. Lewis v. Smith (Tex. Civ. App.) 289 S. W. 1018. The record shows that in the judgment it was provided that the appellant should have and hold possession of the $8,500 note with some of the collateral notes, and that he is charged with the duty of enforcing the payment thereof for the benefit of himself and the Citizens' Bank. The record does not show whether he has undertaken to execute this trust, but it does show that he was decreed a recovery over against Sibley.

■ By the third proposition, the appellant asserts that the maker of an accommodation note pledged as collateral security to another note stands in the position of a surety, for the obligation for which the accommodation note is pledged as collateral security where the holder has acquired knowledge of the fact that the maker of the collateral note is an accommodation party, and further insists that a suit cannot be maintained against the accommodating party by the holder without also suing the obligors of the original note for which the accommodation note is pledged as collateral. This proposition is overruled for several reasons. The jury found that Sibley did not inform the Citizens' Bank that the $5,000 note was executed as accommodation paper, and further found that the Citizens' Bank did not agree that it would exhaust the assets of the Guaranty Bank in an effort to collect the $8,500 note before resorting to the Spencer note. The issue of suretyship was not raised by the pleadings, nor is there any evidence which tends to support such an issue. According to the record, Spencer executed the note sued on, and in due course, without notice, it passed into the hands of the Citizens' Bank as collateral security for the $8,500 note which Sibley, as president of the Guaranty Bank, had executed as part consideration for the agreement through which the two banks were merged.

■ The pledgee of a collateral note may at his option sue either upon the original note of his debtor or upon the collateral note. Guffey v. F. & M. State Bank (Tex. Civ. App.) 250 S. W. 301; Denmark v. Avinger (Tex. Civ. App.) 257 S. W. 970. It is true that the pledgor and pledgee of collateral paper may agree that the pledgee shall exhaust his remedies against the original debtor before resorting to the collateral paper, and it is insisted under the fourth proposition that it was the duty of the Citizens' Bank to exhaust its remedies against the Guaranty Bank, its stockholders, and Sibley, before proceeding with this suit to collect upon the collateral note, but no such contract was made in this case. The contract between the two banks contains a provision for the acceleration of the payment of the $8,500 note, and provides that appellee is authorized, immediately upon the happening of the contingencies therein expressed, to sell

the whole or any part of the collateral notes at public or private sale at its option without notice of any kind to any one, and without previous demand for payment. Clearly this contract does not make it the duty of the appellee bank to attempt to collect either the $8,500 note or any of the other collateral notes held by it before proceeding against appellant. The several statutes cited by appellant relating to the rights of sureties and of creditors against principal debtors have no application whatever to this suit.

The testimony tends strongly to show that all of the makers of the collateral obligations held by the appellee bank other than the note sued on were hopelessly insolvent, except two of such makers, and it further appears that practically all of the stockholders of the Guaranty Bank were insolvent, in the sense that they had no property subject to execution. Be this as it may, the appellee bank was not bound by contract nor by any rule of law with which we are familiar to refrain from filing this suit until after it had exhausted all remedies against the stockholders and debtors of the Guaranty Bank.

The third and fourth propositions urged by appellant are mere abstractions, and do not comply with the rules of briefing, as they relate to the sufficiency of propositions. We have, however, considered them, and they are overruled.

Because we think a correct judgment has been rendered, it is affirmed.