**ROUFF et al. v. BOYD, District Judge, et al.**
**(Motion No. 9328.)**

Court of Civil Appeals of Texas. Galveston.
March 15, 1929.

Rehearing Denied April 11, 1929.

Leon Sonfield, of Beaumont, and Robt. L. Sonfield and Wagner & Wagner, all of Houston, for applicants.

C. A. Teagle, of Houston, for respondents.

PLEASANTS, C. J. This is a suit brought for mandamus by Melvin Rouff, Joseph F. Meyer, Jr., and May Bering Fox Woods, independent executors of the will of Henry S. Fox, Jr., deceased, to compel respondent, Ewing Boyd, district judge for the Fifty-Fifth judicial district, to proceed to trial and judgment in cause No. 125430 on the docket of the Fifty-Fifth judicial district court of Harris county, styled Washington & Lee University v. Melvin Rouff et al., Executors, in which cause the petitioners herein are the defendants.

The petition for madamus alleges:

"I. That the Washington & Lee University filed suit in the district court of Harris county, Tex., against Melvin Rouff, Joseph F. Meyer, Jr., and May Bering Fox Woods, as independent executors and executrix of the estate of Henry S. Fox, Jr., deceased, and styled Washington & Lee University v. Melvin Rouff et al., Executors, and numbered on the docket of said court 125430. That said cause came on for trial and was tried before Hon. Ewing Boyd, judge of the Fifty-Fifth district court of Harris county, Tex., on June 14, 1927, both plaintiff and defendants appearing by their respective attorneys of record, to wit, C. A. Teagle, of Houston, Tex., for the plaintiff, and Leon Sonfield, of Beaumont, Tex., and Robt. L. Sonfield and Wagner & Wagner, represented by Tamp W. Grobe, of Houston, Tex., of said law firm, for the defendants, and both the plaintiff and defendants having waived a jury, same was tried before Hon. Ewing Boyd as judge of said court, and after both plaintiff and defendants had presented their pleadings and evidence, the court announced that said cause would be taken under advisement, which was done.

"II. Petitioners would further show to this honorable court that there are four civil district courts in Harris county, Tex., with exclusive civil jurisdiction, to wit, the Eleventh district court, the Fifty-Fifth district court, the Sixty-First district court, and the Eightieth district court; that at the time of the filing of the above-described suit, and at all times subsequent thereto, and at this time, each and all of said district courts were then, and are now, duly organized, and each of them have a presiding judge, and the said Fifty-Fifth district court at all times herein mentioned has been within the terms of chapter 105 of the Acts of the Thirty-Eighth Legislature, designated in the Revised Statutes of 1925 as articles 2092 and 2093; that under and by virtue of article 199, subsec. 11, there are two terms of each of said four civil district courts in Harris county, Tex., in each year; the first term, which is known as the January-June term, begins on the first Monday in January and continues until and including the Sunday next before the first Monday in July; and the second term, which is known as the July-December term, begins on the first Monday in July and continues until and including the Sunday next before the first Monday in the following January.

"III. That on November 14, 1928, Hon. Ewing Boyd, in Chambers, signed and entered the following judgment in said cause:

"'On this the 14th day of November, A. D. 1928, came on to be heard the above-styled and numbered cause in the Fifty-Fifth district court for Harris county, Tex., and the plaintiff and defendants appearing in court by their respective attorneys, and having waived a jury, submitted all matters of fact, as well as of law, to the court, and the court having heard the evidence for the respective parties, the argument of counsel, and having duly considered the same, is of the opinion that the law and the facts are for the plaintiff.

"'It is therefore ordered, adjudged, and decreed by the court that the plaintiff, Washington & Lee University, a corporation under the laws of the state of Virginia, do have and recover of and from the estate of Henry S. Fox, Jr., and against Melvin Rouff, Jos. F. Meyer, Jr., and May Bering Fox Woods, as independent executors of the estate of said Henry S. Fox, Jr., deceased, the sum of $5,000, with interest thereon at the rate of 6 per cent. per annum from the 1st day of June, 1921, and all costs of court in this behalf incurred, and that plaintiff have its execution against the estate of said Henry S. Fox, Jr., deceased, and against the aforesaid independent executors as such, but not individually, for all sums awarded by this decree.

"'To which judgment of the court the de-

fendants then and there in open court excepted, and gave notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District at Galveston, Texas.'

"That counsel for defendant were not present when said judgment was signed and entered, and did not approve or consent to the entry of same, nor did counsel for defendants have notice of the signing and entry of said judgment.

"IV. That prior to the entry of said judgment two terms of the court had come and ended, to wit, the July-December term, 1927, and the January-June term, 1928, of said Fifty-Fifth district court; but from said judgment it appeared that said cause was tried on the said 14th day of November, 1928, although in truth and in fact said cause was tried on June 14, 1927, and prior to the entry of said judgment on November 14, 1927, there was no kind or character of entry on the docket of said court showing that said Hon. Ewing Boyd, as judge thereof, had passed upon the question and had determined upon the judgment to be entered; that attached hereto as Exhibit A and made a part hereof is the certificate of the clerk of the district court of Harris county, Tex., showing all entries made on said docket sheet.

"V. That at the time said judgment was signed and entered Leon Sonfield, who was leading counsel for defendants, and who had charge of the conduct of the above-styled suit, was seriously ill, and when notice of the signing and entry of said judgment was had an objection was immediately made that the trial judge was without jurisdiction in the premises, and said judgment is void.

"VI. That subsequently Robt. L. Sonfield, on behalf of his father, Leon Sonfield, and said firm of Wagner & Wagner, made objection to Hon. Ewing Boyd, judge of said court, that he was without jurisdiction to enter said judgment and same was void, which objection was of no avail, and then the objection was made that the judgment as signed and entered and dated the 14th day of November, 1928, did not reflect the true facts; that it appeared therefrom that the cause was tried on the said 14th day of November, 1928, when in truth and in fact same was tried on June 14, 1927, and that at least the judgment should be so corrected as to reflect the facts; that said Hon. Ewing Boyd, the judge of said court, thereafter on December 18, 1928, entered a second judgment in said cause nullifying and holding void the judgment previously entered and correctly reciting the facts; that attached hereto as Exhibit B and made a part hereof is certified copy of said judgment.

"VII. That on December 19, 1928, a motion for a new trial was filed, and in said motion for a new trial the first assignment of error reads as follows: 'Because the judgment of the court is a nullity and of no effect or validity, because it affirmatively appears on the face of said judgment that the case was tried and submitted during the January-July term, 1927, of the Fifty-Fifth judicial district court of Harris county, Tex., to wit, on June 14, 1927; that after the trial of said cause, which was without a jury, the court took same under advisement; that said attempted judgment herein was not entered until December 18, 1928; that in the meantime, after the trial and submission of said cause, two terms of the Fifty-Fifth judicial district court of Harris county, Tex., had terminated and ended, and that this cause was not then again heard, but was decided on the facts as theretofore submitted, and that there was no agreement between counsel that such cause should be heard at any time other than at the January-July term, 1927, and that therefore the purported judgment herein is ineffective, void, and invalid.'

"That attached hereto as Exhibit C is certified copy of said motion for new trial.

"VIII. That on December 21, 1928, said motion for a new trial was overruled by Hon. Ewing Boyd, judge of said Fifty-Fifth district court, he announcing at the time that he was familiar with the contentions of the defendants that said judgment was void by reason of having been entered after the expiration of the term of court at which said cause was tried, and was fully convinced that there was nothing in said contention, and that no argument would avail.

"IX. Petitioners further say that by reason of the foregoing facts, and by that the judgments in this cause were entered after the expiration of the reason of the fact term of court at which said cause was tried, and in the absence of any agreement that judgment could be entered after the expiration of said term of court, and same having been entered by Hon. Ewing Boyd as judge of said court in chambers, Hon. Ewing Boyd, as judge of said Fifty-Fifth district court, was without jurisdiction to sign and enter said judgments, and same are void and of no force and effect.

"X. That Hon. Ewing Boyd is now and has continuously since the trial of this cause been judge of the Fifty-Fifth district court of Harris county, Tex.; that he has refused to grant defendants' motion for a new trial in said cause; that attached hereto as Exhibit D is certified copy of order overruling same; and petitioners say that he has failed and refused, and still fails and refuses, to proceed to trial and judgment in said cause, as required by article 1824 of the 1925 Revised Statutes, and by reason thereof this honorable court has jurisdiction of this cause.

"XI. Petitioners further say that they are without adequate remedy at law in the premises, and hence they appeal to this honorable court to protect them in the premises by the exercise of its most gracious writ of mandamus; and in this connection petitioners fur-

ther say that more than 30 days have expired since the overruling of defendants' motion for a new trial, and under articles 2092 and 2093 of the 1925 Revised Statutes said judgment has become final, and these petitioners fear that unless this honorable court protects its jurisdiction pending the hearing of this petition for mandamus proceedings, that plaintiff will cause an execution or other writ to be issued and levy against the property of the estate of Henry S. Fox, Jr., deceased, which they hold as independent executors and executrix thereof; and said petitioners therefore say that they are entitled that this honorable court issue its most gracious writ of injunction and prohibition.

"XII. That Hon. C. A. Teagle of Houston, Tex., is the attorney of record for the plaintiff, Washington & Lee University, in the above-described suit.

"Premises considered, petitioners pray that a rule be entered against Hon. Ewing Boyd, as judge of said Fifty-Fifth district court of Harris county, Tex., and against Hon. O. M. Duclos, as clerk of the district court of Harris county, Tex., and that after notice they and each of them be duly required to answer herein, and that upon a hearing hereof petitioners have judgment of this honorable court awarding a writ of mandamus against the said Hon. Ewing Boyd, as judge of the said Fifty-Fifth district court of Harris county, Tex., requiring him to vacate, nullify, set aside, and declare void the judgments heretofore signed and entered on November 14, 1928, and December 18, 1928, and set aside the order refusing to grant petitioners' motion for a new trial, and requiring him to grant said motion for a new trial and to reinstate said cause on the docket of said court, and to proceed to trial and judgment in said cause, and this honorable court forthwith issue its most gracious writs of injunction and prohibition against the said Hon. Ewing Boyd, as judge of said Fifty-Fifth district court of Harris county, Tex., restraining and prohibiting the issuance of any character of process under and by virtue of either or both of the judgments heretofore entered in this said cause in the trial court as set forth above pending final determination of this mandamus proceedings, and to take no other action of any character detrimental to the interest of petitioners, and that petitioners have judgment for their costs, and for all relief at law and in equity to which they may be justly entitled in the premises."

The answer of respondents presents no material issue of fact. The facts alleged in the petition which are denied in the answer are the allegations that the judgment rendered on November 14, 1928, "was signed and entered in chambers," and that "counsel for defendants had no notice of the signing and entry of the judgment." Neither of these allegations is material in determining the authority of the trial judge to render judgment in the case at a subsequent term of the court to that during which it was tried, and in determining this question we will accept as true the averments of respondents' answer that the judgment rendered on November 14, 1928, "was entered by Hon. Ewing Boyd in open court" and "that counsel for defendants, to wit, Mr. T. W. Grobe, one of the attorneys of record, had verbal notice of the entry of said judgment, and Hon. Leon Sonfield had written notice of the entry of said judgment, as shown by a letter from him to C. A. Teagle, attorney of record for plaintiffs in the trial court, which letter is hereto attached marked exhibit A and made a part hereof."

It is not shown when the notice was given to Mr. Grobe, and the letter from Mr. Sonfield, which is made a part of the answer, shows that he did not receive the notice until a week or more after the entry of the judgment. If the consent of defendants' attorney could have authorized the trial court to render the judgment at a subsequent term to that at which it was tried, such consent is not averred nor shown by any evidence in the case.

The recitals in the corrected judgment rendered by the trial court reflect all of the facts pertinent to the question before us. This judgment contains the following recitals:

"Washington & Lee University v. Melvin Rouff et al., Executors. No. 125430.

"Be it remembered that on the 14th day of June, A. D. 1927, came on to be heard the above-styled and numbered cause in the Fifty-Fifth judicial district court of Harris county, Texas, plaintiff and defendants appearing in court by their respective attorneys, and having waived a jury, submitted all matters of fact as well as of law to the court, and the court having heard the pleadings, the evidence and the argument of counsel for the respective parties, took the cause under advisement; and

"Be it further remembered that on the 14th day of November, A. D. 1928, after the expiration of the term of court at which said cause was tried, the court entered in this cause the following judgment:

"'On this the 14th day of November, A. D. 1928, came on to be heard the above styled and numbered cause in the Fifty-Fifth district court of Harris county, Texas, and the plaintiff and defendants appearing in court by their respective attorneys, and having waived a jury, submitted all matters of fact, as well as of law to the court, and the court having heard the evidence for the respective parties, the argument of counsel, and having duly considered same, is of the opinion that the law and the facts are for the plaintiff.'" (Here follows judgment in favor of plaintiff against defendants for the sum of $5,000, with interest from June 1, 1921, at 6 per cent. per annum.)

"Be it further remembered that the judgment as entered does not correctly reflect the fact that said cause was tried at one term of court, and the judgment entered after the termination of said term of court and at a different term of court, but it appears from the judgment that said cause was tried on the 14th day of November, A. D. 1928, and the court is of the opinion that the judgment heretofore entered on the 14th day of November, A. D. 1928, and recorded in volume 27, p. 368, of the minutes of the Fifty-Fifth judicial district court of Harris county, Tex., and set forth above, should be declared void and of no force and effect, and that this judgment be entered to supersede said prior judgment;

"It is therefore ordered, adjudged, and decreed that the judgment hereinabove set forth dated the 14th day of November, A. D. 1928, and filed on said date, and recorded in volume 27, p. 368, of the minutes of the Fifty-Fifth judicial district court, be and the same is hereby declared void and of no force and effect, and that this judgment shall supersede said judgment." (Here follows the judgment for $5,000 as previously rendered November 14, 1928.)

██ No rule of law is more firmly established in the jurisprudence of this state than that courts can only exercise their jurisdiction to hear and determine personal or property rights at the time and place fixed by the statute or rules of court authorized by the statutes. We do not think the rendition of the judgment in this case on December 18, 1928, during the third term of the court after the term at which the case was heard and submitted, was authorized by any statute or court rule. The only statute under which such authority is claimed by respondents is subdivision 28 of article 2092, Revised Statutes 1925, fixing rules of practice for district courts in counties having two or more district courts with only civil jurisdiction, the terms of which continue three months or longer. This statute is as follows:

"*Motion for New Trial.*—A motion for new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires, such trial hearing or other matter may be proceeded with at the next term of the court."

This statute only authorizes the court to proceed with the trial and hearing of a case at the next term of the court when the term of court at which the trial began ends before the completion of the trial or hearing. In this case the trial or hearing was completed and the case submitted to the court two weeks before the end of the term, and the statute cited cannot be construed as authorizing the court, without complying with rule 66 for district and county courts, to take the case

under advisement and render judgment therein at a subsequent term of the court. This rule provides:

"A cause that has been submitted for trial to the judge on the law and facts shall be determined and judgment rendered therein during the term at which it has been submitted, and at least two days before the end of the term, if it has been tried and submitted one day before that time, unless it is continued after such submission for trial, by the consent of the parties placed on the record, and in such event a statement of facts and bills of exception shall be prepared and filed upon a request in writing by either party."

The record shows no compliance in this case with the provisions of the rule quoted. The manifest purpose of the rule is to prevent the obvious embarrassments and difficulties which might be occasioned litigants in the prosecution of their suits if district courts were given unlimited authority to take under advisement and indefinitely withhold judgment in cases submitted to them for decision. Marsh v. Huyter, 50 Tex. 243; Cameron v. Thurmond, 56 Tex. 22.

██ The question of the authority of this court to issue a writ of mandamus to compel the trial court to set aside the judgment which was rendered at a term of court subsequent to that at which it was submitted, and to proceed to again hear and determine the case, is by no means free from doubt. We have concluded, however, upon the authority of the cases of Schintz v. Morris, 13 Tex. Civ. App. 580, 35 S. W. 516, 825, 36 S. W. 292, and Yett v. Cook, 115 Tex. 175, 268 S. W. 715, 281 S. W. 843, to solve the doubt in favor of petitioners.

In the first case cited, the plaintiff Schintz sued Hume and Tobin to recover damages for false imprisonment and malicious prosecution. Upon the trial of the case the jury returned a verdict in favor of plaintiff on the issue of false imprisonment, and in favor of the defendant on the issue of malicious prosecution. On this verdict the court rendered a judgment in favor of plaintiff on the issue of false imprisonment, but rendered no judgment in favor of either party on the issue of malicious prosecution. On motions for new trial by both parties the verdict in favor of plaintiff on the false imprisonment issue was set aside on defendants' motion, and plaintiff's motion to set aside the verdict in defendants' favor on the issue of malicious prosecution was refused. In the order overruling plaintiff's motion, the court adjudged "that so much of the verdict and rulings of the court prior to the verdict as pertains to the cause of action alleged and tried for malicious prosecution * * * be retained, and remain as passed upon by the court and jury, without permitting a new trial on said issues." In this situation the plaintiff applied to the Court of Civil Appeals for a writ of manda-

mus to compel the trial court to proceed with a retrial of the case upon both issues.

In discussing the question of the authority of the appellate court to madamus the district judge, the court, after referring to the opinion in the case of Lloyd v. Brinck, 35 Tex. 6, in which the authority of the Supreme Court to mandamus a district judge to render judgment in a case in which the judge had on his own motion set aside the verdict of the jury was upheld, says: "We approve the observations of the court upon the general power to issue mandamus to compel the trial court to proceed to act where it refuses to so do by reason of an unwarranted construction of the law under which it is acting or an unwarranted application thereof in a way that brings about the result of a refusal to act when it was clearly its duty to do so, and further agree with the court in that case in its views upon the inadequacy of the remedy by appeal.

From the views expressed, it follows that the mandamus will issue as prayed for, to the extent of instructing the trial court to vacate its order refusing to again try and determine the issue of malicious prosecution, and that, when the original case is called for trial, the court will try and dispose of said issue of malicious prosecution along with the other issues in the case, agreeably to the principles and usages of law."

It is also held in the Schintz Case that where the statute gives the right to a mandamus in express and unqualified terms, such remedy may be pursued by a litigant, regardless of the fact that he may have another adequate legal remedy, the expression of the court on this subject was as follows: "If the judge refuses to try, the statute authorizes this court to compel him to try; and we need look no further for a remedy, or consider whether another may exist because, by the express letter of the law, the legislature, in the exercise of its authority, has selected and provided a remedy for just such an emergency. And, whatever may be the general rule that denies a resort to this remedy if another exists that is applicable to a different state of affairs in other instances, it ought not to govern in a case like this, especially in view of the law that expressly authorizes this remedy."

This holding in the Schintz Case, is referred to and approved by our Supreme Court in the case of Yett v. Cook, 115 Tex. 188, 268 S. W. 715, 281 S. W. 843, in which the court makes this announcement of the law: "It is no sound objection to the award of the mandamus that the defendant might finally secure a review of an adverse judgment following a retrial, by means of appeal to the Court of Civil Appeals and writ of error to the Supreme Court. For, it has been the law of Texas since Bradley v. McCrabb, Dallam, 507,

that the writ of mandamus 'will not only issue in cases where the party having a specific legal right has no other legal operative remedy, but when the other modes of redress are inadequate or tedious the writ will be awarded.'"

We are of opinion that the writ of mandamus prayed for should issue, and it had been so ordered.