## ATLAS v. BYERS. (No. 9330.)

Court of Civil Appeals of Texas. Galveston. Oct. 25, 1929.

Minor Stewart, Albert R. Young, and Will C. Perry, all of Houston, for appellant.

Geo. A. Byers, of Houston, pro se.

GRAVES, J. Appellant herein protests against a judgment, adverse to himself and others not appealing, awarding appellee title to and possession of a 100x200-foot piece of land on Sampson street in the city of Houston, the determined location of which, for practical purposes, is shown on this sketch taken from appellee's brief:

Legend.

A—the tract sued for by appellee, 100 by 200 feet out of the 5½-acre limitation tract.

B—the tract 100 by 200 feet described in appellant's deeds as out of the Kunst 10 acres.

The learned trial judge filed the following findings of fact and conclusions of law:

"Findings of Facts.

"The Court submitted to the jury the issue of limitation in the following language:

"'Special Issue No. 1. Did Annie Tutman have continuous, peaceable and adverse possession of the block of land fronting 100 feet on the line of the Burton Fleming tract (Now Sampson Street) and 200 feet eastwardly, cultivating, using and enjoying the same, for a period of ten consecutive years? You will answer "Yes" or "No," as you find the facts to be.'

"To which the jury made the following finding: 'To special Issue No. 1, we answer: "No."'

"Which finding of fact is binding on the Court.

"I further find, however, that the land in controversy was a part of the five and one-half acres limitation tract acquired by Burton and Susan Fleming by ten years limitation against John Kuhlman, the record owner of the same; that they also about 1871 acquired what has been referred to in the testimony as the Kunst ten acres tract which lies immediately East of the five and one-half acres limitation tract. I find that the 100 by 200 feet in controversy in this case was a part of the five and one-half acres limitation tract,

and that it has been conveyed by mesne conveyances to the plaintiff, George A. Byers.

"I find that the deeds, introduced in evidence insisted upon by the defendants as conveying to them the title to the property in controversy, do not convey said title, nor do they describe the land in controversy.

"The Court finds that the land conveyed by the deeds tendered in evidence in this case by the defendants came out of the Kunst ten acres tract and was no part of the five and one-half acres limitation tract.

"The undisputed evidence shows that prior to 1890 there was some uncertainty as to the location of the dividing line between the Tierwester Survey, out of which this land comes, and the Luke Moore League lying to the east of it, but that sometime about 1890, in a suit to establish that boundary, the Supreme Court did establish it, since which there has been no dispute as to the location of the Kunst ten acres tract. The effect of this decision was to establish the Kunst ten acres East of the five and one-half acres limitation tract, so that the deeds relied on by the defendants in this case do not describe the land in controversy in this suit.

"It is the Court's view that the undisputed evidence shows that Burton and Susan Fleming acquired the title to the five and one-half acres tract by limitation, which possession and limitation began in 1871; and the undisputed evidence also shows that prior to the death of John Kuhlman they bought the Kunst ten acres tract, referred to, which had been prior thereto conveyed by Kuhlman to Kunst, went into possession of it, built their fences, and afterwards found that the fences included land which they had not bought, and that thereafter they bought the land referred to as the five and one-half acres limitation tract, so included, from Kuhlman, paid him for it by cutting and hauling wood, but that Kuhlman died before any deed was made.

"Conclusions of Law.

"It is the opinion of the Court that the findings of the jury upon the question of limitation adverse to the defendants in this case offers no impediment to a judgment in favor of the plaintiff, for the reason that both defendants pleaded and proved abundantly the title of limitation of the five and one-half acres tract in Burton and Susan Fleming.

"The Court finds, as a matter of law, that the deeds tendered by the plaintiff in this case conveyed the property in suit, and that the deeds tendered by the defendants do not describe the property in suit, from which results the plaintiff is entitled to recover, and the defendants are not."

The assigned grounds of the attack are, in substance:

(1) The court was without jurisdiction to render the judgment as and when it did, in

that the trial before a jury on a special issue had been concluded several weeks prior to the expiration of one term, and, without the consent of the parties, the cause had then been carried over to and judgment rendered therein at a subsequent term by the court direct, non obstante veredicto.

(2) The judgment was without evidence to support it, or, if not, there was such an overwhelming weight and preponderance against it as to make it clearly wrong.

After careful consideration of the record, we conclude that neither contention should be sustained.

■ As concerns the argument for lack of jurisdiction, which urges that the situation is ruled by the recent decision of this court in Rouff v. Boyd, 16 S.W.(2d) 403, these are the facts shown: During the January-June, 1928, term of the court, which did not expire till July 1st following, in a trial begun on April 26th—the muniments of title, however, having been withheld from the jury to be passed upon by the court as a matter of law —one special issue inquiring whether or not Annie Tutman had had for a period of ten consecutive years continuous adverse possession of the tract in controversy between May 29, 1896, and August 23, 1927, was submitted to and answered in the negative by a jury; there being at the time neither objection to that one nor request for the submission of any others by either side. Thereupon, on April 28th and May 9th, respectively, both parties filed motions for judgment in their favor; the appellees alternatively asking for the setting aside of the verdict and a new trial, which the court on its own initiative and without recitation that it was by agreement of the litigants, by order duly entered during that term, carried over without prejudice to the succeeding term beginning about July 1st and ending about December 31st of 1928. On July 10th thereafter the appellant appeared in the cause by trial brief and motion for judgment in his favor, under recitation that it had been filed with leave and would be considered, after the court had announced its decision that judgment ought to go in appellee's favor but before any final determination, or entry thereof. On September 25th following, after having in the meantime held the cause under advisement upon the muniments of title so withheld at the former term from the jury, and during the next succeeding term, the court rendered judgment in appellee's favor upon the considerations reflected in the quoted findings and conclusions.

The case as made upon this phase seems to us more nearly analogous to that of Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355, than to Rouff v. Boyd, supra; it here affirmatively appeared that "the case or other matter was still on trial or in progress of hearing when the term expired," within the meaning of Rev. St. 1925, art. 2092, notwith-

standing the return of the jury's verdict on the single issue submitted, in that the court had expressly at the time of calling in their aid withdrawn from their consideration all the muniments of title of both sides for the express purpose of passing upon them independently, which had not been done when the order carrying the whole cause over, inclusive of the two motions, was so entered. We think inherent power to do that was not wanting, under the principles applied in the Nevitt Case.

■ Neither was the court without discretion perforce of Rev. St. 1925, art. 2209 to do nothing other than set this finding of the jury aside and grant a new trial, or render judgment in conformity therewith, but was, we think, at liberty to disregard the finding and enter judgment for the appellee, because the pleadings and evidence conclusively demonstrated it to be wholly immaterial as to whether Annie Fleming, although appellee's immediate grantor, had or had not acquired title to the land through ten years' possession thereof in the manner so inquired about; this for the reason that, as the trial court found on indisputable evidence, the appellee had shown a limitation title in Burton and Susan Fleming from 1871 down to 1906, together with deeds into himself from all of their heirs, which included one from Annie Fleming herself under married name of Annie Tutman dated June 2, 1926, while the appellant had failed to show any title emanating from them, although declaring in his pleadings and abstract of title filed in connection therewith that he held "under a regular chain of title from Burton and Susan Fleming."

So that, while the question propounded to the jury might have seemed material when the trial was young because of the fact that there was a deed dated March 11, 1896, in evidence to Annie Fleming from her parents apparently undertaking to convey this land, together with some testimony tending to indicate occupancy by her under it, it later came out that appellee neither claimed under that instrument nor her occupancy as in virtue of it, but grounded his ten years' limitation plea upon occupancy of the 5½ acres west of the Kunst 10 acres by her father and mother, Burton, and Susan Fleming, and his record title on the previously mentioned deeds from their heirs to him, inclusive of the one from Annie of date June 2, 1926.

The irrelevancy of the jury's verdict on the question thus became plain, and the rule invoked by appellant, as announced in Massie v. Hutcheson (Tex. Com. App.) 270 S. W. 544, was not applicable. Long v. McCoy et al. (Tex. Civ. App.) 294 S. W. 633, 637; Ferguson v. Kuehn (Civ. App.) 246 S. W. 674; Baker v. Coleman Abstract Co. (Tex. Civ. App.) 248 S. W. 414, 415; Smith & Lawson v. Taylor (Tex. Civ. App.) 249 S. W. 521; Eisenstadt Mfg. Co. v. Copeland (Tex. Civ. App.) 149 S. W. 713

(writ of error refused); Stark v. George (Tex. Civ. App.) 237 S. W. 948, reversed in (Tex. Com. App.) 252 S. W. 1053.

The land described in each and all of appellant's deeds is a tract of 100x200 feet out of the Kunst 10-acre tract, commencing 153½ feet east of its southwest corner, thereby showing, as the quoted findings below recite, that it is other and different land from that here involved. In view of the full reproduction of those findings, which, being amply sustained by the evidence, are adopted as those of this court also, further descent into details is deemed unnecessary.

The whole controversy is determinable upon the conclusion that the only title pleaded or exhibited by the appellant, as against that so shown by the appellee to the specific tract he sued for, related to a piece of land of only one-half its dimensions that was shown to lie further to the east and to be wholly within the Kunst 10 acres, which embraced no part of that in suit.

The argument to the contrary of appellant's able counsel is thus quoted from their brief:

"That if said (Kunst) ten-acre tract is located with respect to the East line of the Tierwester Survey as that said line was determined by the decision of the Supreme Court, that then and in that event the West line of the Kunst ten-acre tract would be located on the ground East of the 100 by 100 feet in controversy, and that said property would not lie in the Kunst ten-acre tract.

"This decision of the Supreme Court, however, was rendered long after Burton Fleming had gone into possession of the tract purchased by him from Kunst and that the said Kunst tract, as located, improved and occupied by him was located with reference to what had been considered to be the East line of the Tierwester at the time he purchased said tract, so that, as above stated, its western boundary line was far enough west to comprehend and include the tract in controversy in this suit. Having thus located and improved the tract purchased by him from Kunst, it is but reasonable and natural that Burton Fleming should continue to refer to the tract occupied by him as the Kunst tract, it actually having been the said Kunst tract as reduced to possession by him."

This is completely answered by this response of the appellee:

"Appellant goes on in his brief to say that the decision of the Supreme Court (rendered in 1890) was rendered long after Burton Fleming went into possession of the property; it is equally true, however, that it was also rendered six years before Burton and Susan and Ella Fleming executed the deed to Settegast (one of those in appellant's declared-upon chain of title), the field notes of which were from an actual survey, and more than six years after there had been no dispute as to the true location of the dividing line between the Tierwester and Luke Moore according to their own witness, Maj. Ingham S. Roberts."

Under the conclusion that no reversible error has been pointed out, the judgment will be affirmed.

Affirmed.