## William Weaver v. The People.

*Criminal law: Suspended sentence: Sentence by another judge.* Where, upon a plea of guilty to a charge of malicious injury to a dwelling, sentence has been suspended by the trial judge until the next term, and the prisoner let to go on his own recognizance in a merely nominal sum, and the subsequent term has passed without any further steps being taken, it is not competent for another judge, holding the court temporarily, to sentence such offender to imprisonment in the state prison; such action is to be considered not merely as supplying the trial judge's omissions, but as practically overruling his decision.

*Submitted on briefs January 14. Decided January 18.*

Error to Van Buren Circuit.

*W. Scott Beebe,* for plaintiff in error, cited: *Comp. L.,* §§ *4951, 7997; 20 How. Pr., 118; 20 Wis., 61; 1 Chitty Cr. L., 696–9, 701–4; 2 Hale P. C., 404–5.*

*Andrew J. Smith, Attorney General,* for the People.

CAMPBELL, J:

Weaver, on the 8th day of July, 1874, pleaded guilty to a charge of malicious injury to a dwelling. The case was pending in the circuit court for the county of Van Buren, and the plea was put in before Hon. J. W. Stone, circuit judge. On the same day Judge Stone suspended sentence until the first day of the next term, which was the first Monday of October, 1874, the respondent being allowed

to give his own recognizance to appear at that day, in the sum of one hundred dollars. The sentence was not further suspended, nor the recognizance forfeited, and defendant was not called up for sentence at the return term, but continued at liberty. On the 25th day of October, 1875, Judge Tennant, a judge of another circuit sitting temporarily, sentenced Weaver to two years and six months imprisonment in the state prison. On this error is brought.

It is not necessary in this case to discuss the power of a different judge to give sentence where it has been omitted, and where it does not appear that such omission was designed to interfere with punishment. There has been some dispute as to the best course to pursue under such circumstances. *Lord Hale*, not considering the abstract question, said it was not his custom to give such sentences in cases of felony. But generally the question seems to become important in view of some action or expression of the trial judge indicating his sentiments. It is said with much force that inasmuch as there can be no sentence without the joint belief of the jury in the prisoner's guilt, and of the judge in the deserts of the offender, where he has any discretion to exercise, the views of the judge are to be respected.

In the present case there was no fixed penalty. It might be imprisonment in the state's prison, or it might be a short imprisonment in the county jail, or a fine not exceeding five hundred dollars, but with no minimum amount required to be imposed. In other words, it was recognized by the legislature that such offenses might be of trifling enormity, and not worthy of serious notice.

Sentences may be suspended for various purposes. It may be for the purpose of allowing steps to be taken for a new trial, or other relief, or it may be with a view of letting the offender go without punishment. The release of a defendant on his own recognizance and without sureties, in a merely nominal amount, signifies usually the latter purpose. It at least is a plain assertion of the judge that he did not regard the offense as one that should receive a serious punishment.

The failure to take steps during the October term of 1874 was a practical abandonment of the prosecution, and corroborates the opinion that such must have been understood as the object of the suspension, and as the record stands, it is fairly to be inferred it was intentional. To sentence a prisoner to the penitentiary under such circumstances, and when the trial judge has distinctly said he ought not to be so sentenced, is not supplying his omissions, but is overruling his decision. This we think not admissible, and the sentence was unauthorized, and the judgment must be reversed, and the prisoner discharged.

The other Justices concurred.