WILLIAM D. DITCH, Ex'r, etc.,

v.

THE TRUSTEES OF SHURTLEFF COLLEGE.

</div>

PRACTICE—DELAY IN ENTERING JUDGMENT.—This cause was submitted in March, 1877, and final judgment was rendered August, 1880. The practice of delaying the decision of a case for a long time after it has been submitted, is objectionable, but is not a sufficient ground for reversal.

ERROR to the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 7, 1881.

Mr. WILLIAM WINKELMAN, for plaintiffs in error.

Mr. MARSHALL W. WEIR, for defendants in error.

PER CURIAM. The only point of importance in the case is the length of time intervening between the time of the submission of the cause to the court and the rendition of judgment.

The evidence was heard, and the cause submitted on the 8th day of March, 1877, and taken under advisement " to be decided in vacation as of this term."

Final judgment was rendered in favor of the plaintiffs (defendants in error) on the 9th day of August, 1880.

In the interval, the case does not appear to have been on the docket.

It is insisted by the counsel for plaintiffs in error, that the circuit court lost jurisdiction of the cause, and that, as a result, the judgment entered at the time it was, is a nullity.

The practice is certainly objectionable, and evil results might follow from it. Still, it has grown to be a practice to some extent, and, inasmuch as the Supreme Court has not directly passed upon the question, we do not feel at liberty to say that it is such error as would reverse the judgment.

In this case it does not appear that any harm was done or injury resulted from the delay, and although the record does not show it, there were, no doubt, ample and sufficient reasons to justify the judge in delaying the entry of final judgment.

The judgment of the circuit court is affirmed.

Affirmed.