### J. M. TARPENNING V. G. W. CANNON.

1. CASE, *Taken Under Advisement to Next Term.* While a trial should be completed, so far at least as the introduction of testimony is concerned, at the term at which it is commenced, yet where a trial is to the court without a jury, and all the testimony is offered, the arguments concluded and the case submitted to the court for judgment, the court may take the case under advisement to the next or succeeding term, and a judgment rendered under such circumstances by the court at the succeeding term is not illegal or void.

2. SURVEYOR, *Duty of.* In establishing the lines and corners for owners of adjacent tracts of land, the surveyor must disregard the lines as shown by the field-notes of the United States survey, if the corner-stones set by the government can be ascertained as originally located.

3. BOUNDARY LINE; *Evidence.* A boundary line long recognized and acquiesced in, is generally better evidence of where the real line should be than any survey made after the original monuments have disappeared.

4. SURVEY; *Apportionment of Costs.* The expense and costs of the survey for owners of adjacent tracts of land, to establish permanently the lines and corners thereof, together with the costs of appeal from the report of the surveyor, are to be apportioned among all the parties according to their respective interests, except in cases of appeal, in which, if the report of the surveyor shall be affirmed by the court, the party appealing shall pay all the costs of the appeal. (Laws of 1879, ch. 177, § 4; Comp. Laws 1879, ch. 25, § 173*d*.)

*Error from Smith District Court.*

AT the October Term, 1881, of the district court, plaintiff *Cannon* recovered a certain judgment against defendant *Tarpenning*, who brings the case here. The opinion states the facts.

*A. Saxey*, for plaintiff in error.

*Hays & Finn*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This is a contest between owners of adjacent tracts of land, desiring to have established permanently the lines and corners thereof. The trial was commenced at

the May term, 1881, of the district court of Smith county, the trial being to the court without a jury. The court, after hearing all of the evidence and arguments of counsel, took the case under advisement until the October term following. At said term, and on the 6th day of October, the court rendered a finding that the survey and boundary lines between sections 33 and 34, 27 and 28, 21 and 22 in township 4, range 12, in Smith county, as made by the county surveyor on the fifth day of July, 1880, were erroneous, and judgment was entered that the survey be set aside; that the county surveyor, or his successor in office, make a resurvey of the lines, and in making such resurvey he was directed to disregard the lines as shown by the field-notes of the United States survey, and to locate the corners and lines of the land in accordance with the monuments found imbedded in the ground a short distance east of the line shown by the field-notes, which monuments the court found were the original monuments to mark the corners and lines of the land by the survey made thereof by the government of the United States.

The first point of alleged error the attention of the court is called to, is the rendition of the judgment at the October term. It is urged that as a decision was not rendered at and during the term in which the trial was commenced, there was a mistrial. *Butler v. McMillen,* 13 Kas. 389, and *In re Scrafford,* 21 Kas. 735, are cited in support of this proposition. Neither of these cases is in point. In *Butler v. McMillen,* supra, the trial was commenced at the April term, 1872; the plaintiff introduced his testimony, and rested. The defendant then commenced his testimony, and examined a witness or two; before the defendant had rested, the April term closed, and the further hearing was postponed, and then was continued from term to term until the April term of 1873, when the same was resumed. By law, two terms had intervened between the commencement and the close of the trial, and the trial in April, 1873, was treated as a continuance of the trial begun in April, 1872. In the case of *In re Scrafford,* supra, the trial was commenced at the August term,

1878; that term of the court closed on Saturday, January 4, 1879; the trial was not finished, and the verdict of guilty was not returned until the next term, to wit, January 9, 1879. It was claimed therein by the counsel of the petitioner, that all the proceedings subsequent to the commencement of the January term were illegal and void. Upon this question this court expressed no opinion, but simply held that under our *habeas corpus* act, Scrafford, upon the showing made, was not entitled to a discharge. In the case at bar, all the testimony was offered, the arguments concluded, and the case submitted to the court, at the term the trial was commenced. The judgment was rendered at the next term. It has been the common practice in this state, in a case tried to the court without a jury, for the parties to produce their evidence and submit the case to the court at one term, and for the court to take the evidence and arguments under advisement to the next or succeeding term. This power is, we think, unquestionable, and in the very nature of things must inhere in the court unless inhibited by statute. The reasons adduced for the decision in *Butler v. McMillen*, supra, do not conflict with these views. The exercise of this power in important cases, tried to the court without a jury, and especially in equity cases involving intricate questions of law and fact, make it desirable that the practice heretofore prevailing should be sustained, and we find nothing in the law that forbids. The proceedings, therefore, at the October term of the court, were not illegal or void. (Code, §§ 265, 395; *Coleman v. Jackson*, 5 Ohio St. 51; *Brenner v. Bigelow*, 8 Kas. 496.)

As another alleged error, it is contended that the court failed to follow the law under which these proceedings were had. Not so. Sec. 3, ch. 177, Laws of 1879, (§ 173c, ch. 25, Comp. Laws of 1879,) provides, that upon an appeal being perfected in the district court, "the court shall hear and determine said appeal, and enter an order or judgment in the case either approving or rejecting said report, or modifying or amending the same according to the rights of the parties, or may refer the same back to the surveyor to correct his re-

port or survey, in conformity with the judgment of the court, or may for good cause shown, set aside the report, and appoint a new surveyor, who shall proceed *de novo*, and survey and determine the boundaries and corners of the land in question." The judgment, therefore, of the court referring the survey to the surveyor to correct his report and to resurvey in conformity with the findings and judgment of the court, if sustained by evidence, was exactly in accordance with the statutory provisions. It is said, however, that the judgment must fall because there was no evidence showing that the monuments contested were found imbedded in the ground, or were the original monuments to mark the corners and lines of the land. Upon this, all we need say is, that the evidence is greatly conflicting, and the preponderance thereof seems to be as claimed by plaintiff in error; but the court had all the witnesses before it, heard their evidence, their manner of testifying, and an examination of the record convinces us that there is some evidence, and, within the rule already decided by this court, sufficient evidence, to uphold the judgment.

In regard to existing boundary lines, Judge Cooley says: "To bring these lines into discredit when people concerned have not questioned them, not only breeds trouble in the neighborhood, but it must often subject the surveyor himself to annoyance and discredit, since in legal controversy the law, as well as common sense, must declare that a supposed boundary line long acquiesced in, is better evidence of where the real line should be than any survey made after the original monuments have disappeared. . . . It is merely idle to direct a surveyor to locate or establish a corner as the place of the original monument according to some inflexible rule, however erroneous may have been the original survey. The monuments that were set must nevertheless govern, even though the effect be to make one-half of a quarter-section of land ninety acres and the adjoining one seventy acres, for parties buy, or suppose they buy, in reference to these monuments, and are entitled to what are within their lines, and no more, be it more or less." (Engineering News, vol. 8, No. 8,

156–8. See also *Stewart v. Carlton*, 31 Mich. 270; *Diehl v. Zorger*, 39 Mich. 601; *McAlpine v. Reicheneker*, 27 Kas. 257; *Everett v. Lush*, 19 Kas. 195.)

Finally, it is urged that the court erred in taxing costs. It appears from the record that the survey of July, 1880, was made by the county surveyor upon a notification received from plaintiff in error and sixteen others. Appeal was taken from the report of the survey by plaintiff in error and two other parties. Afterward, the cases were divided up, making the parties directly interested in the dividing lines parties to the actions. The court in this case taxed all the costs of the action, amounting to $151.65, and also $44.92 of the cost in the case of Stonehocker and others against county surveyor, to plaintiff in error. This was erroneous. Sec. 4, ch. 177, Laws of 1879, (sec. 173*d*, ch. 25, p. 304, Comp. Laws 1879,) reads: "The expenses and costs of the survey and suit shall be apportioned among all the parties according to respective interests, except in cases of appeal, in which, if the report of the surveyor shall be affirmed by the court, the party appealing shall pay all the costs of the appeal." Under this provision the expenses and costs of the survey and action must be apportioned among the parties according to their respective interests, as upon appeal the report of the surveyor was not affirmed.

The judgment of the district court will be affirmed, excepting the part thereof relating to costs; and the case will be remanded, with direction to the court below to retax the costs according to the views herein expressed.

All the Justices concurring.