Shaffer v. The State.

Filed Feb. 25, 1885.

---

No. 12,160.

SHAFFER v. THE STATE.

CRIMINAL LAW.—*Plea of Guilty.*—*Suspension of Sentence.*—*Subsequent Arrest.* —*Motion for Discharge.*—*Error.*—Where an adult defendant, charged by indictment with felony, enters a plea of guilty, and an order-book entry in the cause, after showing the finding of the court as to the amount and character of his punishment, concludes thus: "And the court now suspends the sentence herein, and cause continued for *alias* process," upon his subsequent arrest, there is no error in overruling a motion for his discharge, based upon the assumption that such order-book entry was the final judgment of the court in the cause.

SAME.—*False Pretences.*—*Question of Fact.*—*Indictment.*--Where the indictment charges the defendant with having obtained money by certain false pretences, whether or not the alleged false pretences are such as would deceive, is a question of fact, and not of law.

From the Wabash Circuit Court.

*B. M. Cobb,* for appellant.

*F. T. Hord,* Attorney General, *C. R. Pence,* Prosecuting Attorney, and *W. B. Hord,* for the State.

HOWK, J.—On the 24th day of October, 1881, an indictment was duly returned into the Huntington Circuit Court, charging, in substance, that the appellant, on the 14th day of February, 1881, at the county of Huntington, by means of certain alleged false pretences, stated in detail, falsely and fraudulently obtained and procured of and from one Cyrus E. Bryant the sum of thirty dollars in money, etc. Thereafter, at the same term of the court, upon the appellant's applica-

tion, the venue of the cause was changed to the Wabash Circuit Court. Afterwards, on the 25th day of September, 1882, the appellant appeared in person and by counsel, and, having waived an arraignment, for. his plea to the indictment, said that he was guilty as therein charged. The transcript then contains an order-book entry in the case as follows: "Therefore the court finds and assesses his fine unto the State of Indiana in the sum of ten dollars, and that he be imprisoned in the penitentiary for the term of time of two years. And the court now suspends the sentence herein, and cause continued for *alias* process."

The cause was then continued from term to term, without any further action therein, until the September term, 1884, of the court below. The transcript then shows, under date of September 22d, 1884, the court then ordered a bench-warrant to be issued for the appellant, which was done; that the appellant then appeared in person and by counsel, and it was agreed in open court that he was twenty-one years of age when he entered his plea of guilty herein, on September 25th, 1882. Thereupon appellant moved the court in writing for his discharge, which motion was overruled, and he excepted. His motions for a new trial and in arrest of judgment were severally overruled by the court, and exceptions were duly saved to each of these rulings. The court then pronounced judgment and sentence against the appellant, upon and in accordance with its finding, made almost two years before that time, to wit, on September 25th, 1882, and charged the sheriff of Wabash county with the execution of such sentence, to all of which appellant at the time excepted.

Several errors are assigned by the appellant upon the record of this cause, but of these only two are discussed here by his counsel, namely: 1. The overruling of appellant's motion for his discharge; and, 2. The overruling of his motion in arrest of judgment. These two errors we will consider in the order of their statement, and the other assigned errors will be regarded as waived.

Shaffer *v.* The State.

1. Appellant's motion for his discharge was in writing, and the reason assigned therein for his discharge was that the order-book entry in the case, of the date of September 25th, 1882, heretofore copied in this opinion, was in fact the judgment of the court against him, by which he was still content to abide, and that such judgment was in full force, unreversed and unappealed from; wherefore he said that the court had no authority to alter, amend or change such judgment. The entire argument of appellant's counsel, in discussing the error under consideration, proceeds upon the ground stated in the motion, that the order-book entry referred to was in fact the judgment of the court in this cause, and that the proceedings of the court thereafter had, on September 22d, 1884, were erroneous and could not be sustained, solely for the reason that they were an attempted alteration, amendment or change of such judgment, after the term at which it was rendered. We fail to see how such order-book entry can possibly be considered as the judgment in the cause, when, upon its face, it is merely the finding of the court of the amount and character of appellant's punishment, and when, by its terms, it expressly suspended the entry of judgment. We are of opinion, therefore, that the court did not err in overruling appellant's motion for his discharge, for the reason or upon the ground assigned in such motion.

In section 1767, R. S. 1881, it is provided as follows: " If the accused plead guilty, such plea shall be entered on the minutes, and he shall be sentenced, or he may be placed in the custody of the sheriff until sentence. And if an accused be under the age of twenty-one years, the court may, in its discretion, withhold sentence and order that the accused be released during good behavior; and the court shall have full power to order his or her re-arrest, and to pronounce sentence whenever the conduct of the accused shall, in the opinion of the court, make such action proper." In *Smith* v. *Hess*, 91 Ind. 424, in construing this section of the statute, it was said: "The legitimate inference from the statute is

that the Legislature, in its enactment, did not intend that the courts should allow adult offenders to go on good behavior. Without deciding what might be the result of such a practice, upon a proper case made, and properly brought before us, we may say that, as at present advised, we do not feel like giving our sanction to that practice." We adhere to these views, but we do not find it necessary to decide the question in the case in hand. For, although it was agreed below that the appellant was twenty-one years of age, at the time he entered his plea of guilty, yet the record wholly fails to show that the court ordered that he be released during good behavior. The reasons which induced the court's suspension of judgment against the appellant are not shown in the record, but it may be fairly inferred therefrom that he had escaped from custody, and was not present when judgment ought to have been pronounced against him. In such a case, of course, judgment was necessarily delayed until he could be, as he was, arrested and brought into court.

2. The court did not err, we think, in overruling appellant's motion in arrest of judgment. The indictment was sufficient. The offence charged was alleged to have been committed on the 14th day of February, 1881, at which time section 27 of the felony act of June 10th, 1852, was still in force and made it a felony to obtain money or property by, *inter alia*, "any false pretence." Before the return of the indictment in this case, section 2204, R. S. 1881, took effect, superseded and repealed by implication so much of the previous law as made it a felony to obtain money or property by "any false pretence." *Wagoner* v. *State*, 90 Ind. 504, and cases there cited. But in section 2216, R. S. 1881, it is expressly provided that the repeal of prior and existing laws "shall not affect any prosecutions pending or offences heretofore committed under existing laws; and such prosecutions and offences shall be continued and prosecuted to a final determination," as if the later law had not been passed. The question whether or not the false pretences, stated in the in-

dictment, were such as were calculated to deceive, was a question of fact for the jury, and not of law for the court. *Miller* v. *State,* 79 Ind. 198.

We find no error in the record.

The judgment is affirmed, with costs.

Filed Feb. 25, 1885.