ALLEN J. BARNES v. ALLEN A. BENHAM *et al.*

(Filed March 4, 1904.)

1. **ERRORS NOT ARGUED ARE WAIVED.** It is not sufficient to simply suggest in a brief that the trial court committed error in a finding or ruling, but counsel must point out specifically in what such error consists. An appellate court is not required to seek for errors, but to pass upon those to which its attention is directed.

2. **REFUSAL TO HEAR ARGUMENT—Not Error.** Where a case is tried to the court and it is satisfied as to the evidence and the law applicable to the matter in issue, it is not compelled to listen to argument of counsel.

3. **TAKING CASE UNDER ADVISEMENT UNTIL NEXT TERM.** When a case is tried to the court, without a jury, it may, in its discretion, after hearing all of the evidence, take the matter under advisement until the next term, at which time it may, in open court, render judgment.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*Bradley & Bradley* and *John T. Bradley,* for plaintiff in error.

*D. K. Cunningham,* for defendant in error.

Opinion of the court by

BURWELL, J.: This is an action concerning real estate. Judgment was for the defendant, and plaintiff appeals. The appellant suggests that the judgment is against the weight of the evidence; that the court erred in admitting certain affidavits and depositions, and in overruling objections of plaintiff to questions asked by the defendants, citing the court to the pages on which the affidavits and depositions may be found. It is a rule of this court that questions not argued will be considered as waived, and we do not believe that a mere suggestion that the judgment is against the weight of the evidence is an argument of that question within the spirit of the rule. In almost every case that is appealed to this court, the petition in error and the brief of appellant contain a statement that the judgment is against the weight of the evidence; and counsel expect this court to carefully read, in many instances, hundreds of pages of typewritten evidence, weigh it and determine this question without any other suggestion from them. Something more is required. If the evidence is insufficient, an attorney ought to be able, in a concise analysis thereof, to point out to the court in what respect it is defective or inadequate to support the judgment, and where this is not done this court will assume that the verdict and judgment was justified under the evidence. And this same rule applies to the suggestion that it was an error to admit the affidavits and depositions, and to overrule the objections of plaintiff to the introduction of certain evidence. The rulings of the court on these matters may have been prejudicial error, but we assume that they were not, as counsel have not attempted to point out wherein the error con-

sists. This case was tried to the court without a jury. After the evidence was all in, court adjourned, and there was no order continuing the case for the term. Such an order was not necessary. The adjournment of the term by operation of law continued every case on the docket till the next term, just as effectually as though an order were made in each case. Nor can we say that it was error to decline to hear arguments of counsel before adjourning the term, or at all, for that matter.

Where a case is tried to a court and after the evidence is all in, it is fully satisfied as to the weight of the evidence and the law of the case, it is not compelled to listen to arguments; and the appellate court will enquire, not as to whether attorneys were denied the privilege of arguing the case, but as to whether the judgment is correct. The mere fact that the judgment was not rendered until the succeeding term after the evidence was introduced, is immaterial. (*Tarpenning v. Cannon,* 28 Kans. 665.) Of course, as held by some of the cases cited by appellant, a judge cannot render a judgment in vacation which the law requires to be rendered by the court in term time; but the court may hear all of the evidence at one term, and take the case for consideration, until the next, and if at the next term it renders its judgment in open court, the judgment will not be void; nor will such continuance, for the purpose of deliberation, constitute error.

Judgment affirmed, at cost of appellant.

Irwin J., who presided in the court below, not sitting; Burford, C. J., absent; all the other Justices concurring.