## MILLER & BABBS v. HALL.

### No. 2847.

Court of Civil Appeals of Texas. El Paso.

June 1, 1933.

Rehearing Denied June 22, 1933.

Thompson & Taylor, of Dallas, for appellants.

Walter R. Fly, of Dallas, for appellee.

HIGGINS, Justice.

This is a suit by appellants against Mrs. Hall, administratrix of the estate of J. E. Hall, deceased, to recover upon a judgment for $2,088.74, rendered in the state of Mis-

souri in favor of appellants and against the deceased prior to his death.

■ The case was tried before the court and held under advisement until the term succeeding that at which the trial was had. At such succeeding term judgment rendered for the defendant.

It is complained the court was without authority to hold the case under advisement and render judgment at such succeeding term.

The practice and procedure in the district courts of Dallas county is governed by article 2092, R. S. Section 28 thereof provides: "A motion for new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires, such trial, hearing or other matter may be proceeded with at the next term of the court."

When a case has been tried without a jury and taken under advisement by the court, the same is "on trial" until the court renders its judgment. Stephenson v. Nichols (Tex. Com. App.) 286 S. W. 197; Edwards v. Edwards (Tex. Civ. App.) 288 S. W. 634; Id. (Tex. Com. App.) 295 S. W. 581; Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355.

Therefore, under the express provisions of section 28, the court, in this case, was authorized at the succeeding term to proceed with further consideration of the case and to render judgment therein.

District Court Rule 66 is controlled by said section 28.

Appellants in this connection cite Rouff v. Boyd, 16 S.W.(2d) 403, by the Galveston Court of Civil Appeals, but in that case two terms intervened between the term at which the trial was had and that at which the judgment was rendered. The same court in the later case of Atlas v. Byers, 21 S.W.(2d) 1080, sustained a judgment rendered at the term succeeding the one at which the trial was had, citing Nevitt v. Wilson, supra, in support of its ruling and distinguishing Rouff v. Boyd.

In Spencer v. Bank, 28 S.W.(2d) 1104, the Amarillo Court, upon the authority of Nevitt v. Wilson, sustained a judgment of a district court of Dallas county rendered at the succeeding term.

We are, therefore, of the opinion the matter complained of presents no error.

The return upon the summons in the Missouri case shows personal service upon the deceased. The court found that he was not served. Appellants attack this finding as unsupported by the evidence but the evidence abundantly supports the same.

■ When a judgment of another state is sought to be enforced in this state, it is competent to show want of jurisdiction of the person of the defendant by the court which rendered the judgment. Citation of authority to that effect is unnecessary.

Upon the finding indicated judgment was properly rendered for defendant and other errors complained of, if well taken, are nevertheless harmless and afford no ground for reversal.

Affirmed.

### On Rehearing.

Appellants assert we erred in assuming the judgment was rendered at the term next succeeding the one at which the case was tried. They say a term intervened between the trial and judgment.

The facts in this connection are as follows:

The case was tried on March 18, 1932, before Hon. Towne Young, judge of the Forty-fourth district court, sitting for Hon. T. A. Work, judge of the Sixty-eighth district court. Judge Young held the case under advisement until June 15, 1932, upon which date the judgment was rendered.

Terms of the Forty-fourth district court begin on the first Mondays in January, April, June, and October.

Terms of the Sixty-eighth district court begin on the first Mondays in February, May, September, and December. Article 199, R. S.

Appellants say the case was originally filed in the Sixty-eighth district court but was sent by that court to the Forty-fourth court and thereafter the Sixty-eighth court had nothing further to do with the case.

The district courts of Dallas county are authorized to transfer cases from one court to another. Article 199 and art. 2092, §§ 21 and 22, R. S. But no such order appears in the record. On the contrary, the record affirmatively shows that in trying the case Judge Young was sitting as the judge of the Sixty-eighth court for Judge Work, as is authorized by sections 21 and 22 of 2092, R. S. The judgment was entered in the minutes of the Sixty-eighth court as said section 21 requires shall be done in such cases.

The case was, therefore, at all times in the Sixty-eighth district court; tried at the February term and judgment rendered at the succeeding May term. There was no error in assuming that the judgment was rendered at the term next succeeding the one at which the case was tried.

This disposes of the only question presented by the motion for rehearing. The motion is overruled.