F. M. BOOKHART et al., Appellants, v. NEW AMSTERDAM CASUALTY COMPANY, Appellee.

No. 44749.

JUNE 20, 1939.

REHEARING DENIED SEPTEMBER 29, 1939.

John F. Joseph and Carl R. Jones, for appellants.

Stewart & Hatfield, for appellee.

MILLER, J.—The controversy involved herein grows out of

litigation which has been before this court on two former occasions. For our former decisions, see Bookhart v. Younglove, 207 Iowa 800, 218 N.W. 533, and New Amsterdam Casualty Company v. Bookhart, 212 Iowa 994, 235 N.W. 74, 76 A. L. R. 897.

Appellants are heirs, legatees and devisees of one J. M. Bookhart, deceased. The appellee was surety on the bond of one B. K. Younglove, executor in said estate. Action was brought to recover on the bond of appellee. Judgment was recovered and, on appeal to this court, the judgment was affirmed. See Bookhart v. Younglove, supra.

Appellants were also sureties on a bond given by said Younglove, as such executor. Appellee brought suit against them for contribution as co-sureties with appellee. Judgment was recovered and on appeal the judgment was affirmed. See New Amsterdam Casualty Company v. Bookhart, supra.

In April 1938, appellants filed a petition in equity to vacate, set aside and cancel the judgment recovered by appellee, which had been affirmed by this court as aforesaid, and also to enjoin appellee from making any effort to enforce such judgment. Appellants also sought to have vacated, set aside and canceled a certain garnishment levied on execution issued pursuant to such judgment.

As grounds for vacating the judgment, appellants assert that the cause, in which the judgment was entered, was submitted to the court and taken under advisement on May 24, 1929, the court having entered an order granting the parties 30 days within which to file written briefs. Thereafter, at the same term, on July 1, 1929, the court entered an order to the effect that the written briefs had been filed and that the cause was fully submitted. The term at which the cause was submitted ended September 7, 1929. The succeeding term ended November 2, 1929. The following term ended January 11, 1930. The court's judgment and decree was filed and entered of record February 28, 1930. Appellants claim that the court was without jurisdiction to enter such judgment and decree because the same constituted a violation of the provisions of section 10794 of the Code, which provides as follows:

"10794. Decisions and entries in vacation. With consent

of parties, actions and other matters pending in the courts named in this chapter may be taken under advisement by the judges, decided and entered of record in vacation, or at the next term; if so entered in vacation, they shall have the same force and effect from the time of such entry as if done in term time.''

Appellants' contention is that, without express consent of the parties, a cause cannot be submitted and decided unless the decision be made during the term, and that, since two full terms intervened between the date at which the cause was submitted and the date at which it was decided, the court had lost jurisdiction of the parties and the subject matter of the litigation.

Appellants challenge the garnishment proceedings upon two theories: (1) That the same is based upon a void judgment, and (2) that proper notice of the garnishment had not been served pursuant to the requirements of section 12170 of the Code.

Appellee filed a motion to dismiss, wherein appellee asserts that section 10794 of the Code is not subject to the interpretation appellants endeavor to place upon it, and accordingly, that the judgment entered by the court in 1930 is valid. Appellee also asserts that the garnishment proceedings are proper because based upon a valid judgment and further because appellants, having participated in the garnishment proceedings, appeared thereto and waived the requirement of any notice such as that prescribed by section 12170 of the Code. Other grounds for the motion to dismiss are asserted which we need not here discuss.

The trial court sustained appellee's motion to dismiss, dismissed the cause at appellants' costs, and appeal has been perfected to this court.

The contentions here made by appellants, to the effect that the trial court lost jurisdiction of the submission because of the requirements of section 10794, are substantially the same as the contentions presented to this court in the case of Trulock v. Merte, 72 Iowa 510, 514, 34 N. W. 307, 309, wherein we construed section 183 of the Code of 1873, which read almost identicaly the same as section 10794 of the present Code. We there state:

''The cause was tried and submitted at the June term, 1884,

and by consent of parties was taken under advisement by the judge. He did not, however, decide the case until the November term, 1886. The defendants objected to the entry of any judgment at that time, and they now contend that the court had no power to enter judgment in the cause after the term next after that at which it is submitted. Counsel relied on Code, §183, in support of that position. The section is as follows: 'With consent of parties, actions, special proceedings, and other matters pending in the courts named in this chapter, may be taken under advisement by the judges, decided, and entered of record in vacation or at the next term.' We think this section does not prevent the determination of a cause which has been taken under advisement, and the entry of judgment, at a later time than that next following its submission. When the cause has been submitted, the parties have the right to have it determined; and if, from any cause, the judge is not able to determine it in vacation, or at the next term, that right continues until the cause is determined. Cases might arise, doubtless, in which the parties would have the right to have the submission set aside, and the cause resubmitted, because of the delay in determining it. But nothing of that kind was claimed in this case."

The holding of this court above set out was expressly followed in the case of Reed v. Lane, 96 Iowa 454, 469, 65 N. W. 380, 384, wherein we state:

"It is said that the court, by failing to determine the question thus presented according to the terms of the submission, lost jurisdiction to decide them, and that there should have been a resubmission. We do not think that jurisdiction was lost, nor that resubmission was required. The case is within the principle announced in Trulock v. Merte, 72 Iowa [510] 514, 34 N. W. Rep. 307."

Many of the cases, relied upon by appellants, concern the powers of a judge to enter a judgment in vacation. Such decisions are not in point. The judgment and decree, involved herein, was entered during term time.

Appellants have cited to us no decision overruling the pronouncements of this court, above quoted, and we have been unable to find any. To sustain appellants' position, we must

1190

overrule such precedents. We see no occasion for so doing. There are many reasons why they should be adhered to, which we need not here state. The position heretofore taken by this court appears to us to be sound and proper. We adhere to it. Accordingly, appellants' claim that the judgment entered in February 1930, was entered when the court had lost jurisdiction of the cause, is not well taken.

The foregoing also disposes of the first grounds upon which appellants attack the garnishment proceedings. The proceedings were had pursuant to a valid and enforceable judgment. The record also shows that appellants all appeared in the garnishment proceedings and filed pleadings. Voluntary appearance invoking the jurisdiction of the court rendered it unnecessary to serve a notice such as specified by section 12170 of the Code.

Appellants' assignments of error are without merit. Accordingly, the judgment and decree of the trial court must be and it is affirmed.—Affirmed.

All JUSTICES concur.