## Commonwealth v. Vaughn

*LeRoy S. Maxwell*, district attorney, for Commonwealth.

*George S. Black*, for defendant.

WINGERD, P. J., June 25, 1948.—Under the Act of May 21, 1943, P. L. 520, 74 PS §§120.16 to 120.19, the Commonwealth of Pennsylvania consented to the acquisition by the United States of America of a certain tract of land in Franklin County for use by it as an ordnance depot, known as Letterkenny Ordnance Depot. By the act the Commonwealth ceded exclusive jurisdiction over the said lands, contingent however upon the United States making suitable provision for a substitute road outside of the ordnance depot to the portion of Route 340, which is in the depot and rendered inaccessible to the traveling public. The only

reservations contained in the act were the right to serve civil process in all cases and criminal process, for crimes committed outside the area in the Commonwealth, inside the area as fully as if jurisdiction over it had not been ceded and the right to levy such taxes as it and its political divisions might constitutionally levy upon property, etc., within the ceded area.

While the Commonwealth had, because the cession was contingent, jurisdiction over crimes committed in the area, defendant was indicted, tried and convicted of a larceny committed in the area. A motion for a new trial was made and defendant released on bail requiring his appearance when directed by the court. Before the argument for a new trial the United States had taken over exclusive jurisdiction of the ceded area, the road having been provided for.

Defendant filed a petition praying that he be discharged from his recognizance. Rule was issued on the district attorney and answer filed. The facts hereinbefore recited are admitted.

Defendant claims he cannot be retried or sentenced because the Commonwealth has no longer jurisdiction over crimes committed in the ceded area. His counsel in his brief sets forth his contention as follows:

"The Act of Cession and the subsequent acceptance of jurisdiction by the United States have the effect of repealing the criminal law in Letterkenny Depot as far as the State of Pennsylvania is concerned.

"Larceny in the abstract, without relation to enforcement, has no meaning. It must be conceded that a larceny committed now at Letterkenny is no offense against the sovereignty of Pennsylvania because exclusive jurisdiction to try and to punish is in the United States. So, a decision that Pennsylvania can now sentence Vaughn would fly in the face of the rule that an offender cannot be sentenced when the law he violated has been repealed without a saving clause. That such should not be done is settled law: Genkinger v. Comm.,

322

32 Pa. 99 (1858) ; Comm. v. Duane, 1 Binney 601 (1809) ; Comm. v. Brown, 7 Pa. Dist. 117 (1897)."

It is true that there is no saving clause in the act. However, the situation which confronts us is entirely different than the situations we find in the cases cited. In the cases cited the law, the violation of which was a crime, was repealed or the crime abolished and, of course, as that, the violation of which was a crime, was no longer in existence, or that done was no longer a crime, there could be no conviction nor sentence, even though the act, which was under consideration, occurred while it was a crime. The fallacy of applying this reasoning to the instant case is clear. In the instant case the act which made larceny a crime in this Commonwealth, at the time the larceny in question was committed, is still in full force and effect. The larceny of which defendant was convicted occurred within the jurisdiction of this Commonwealth. This Commonwealth had the right to try the one accused and to punish him if convicted. What has changed this situation? Nothing. The mere fact that the Commonwealth has no longer jurisdiction of crimes perpetrated in the area in which the crime, of which defendant was convicted, occurred, cannot take from it the jurisdiction which properly and legally attached to both the person and subject matter under consideration. Defendant was arrested, tried, convicted and is now under bail for his appearance in this court, for having committed an act against the peace and dignity of this Commonwealth, such act having been committed within the territorial jurisdiction of the Commonwealth. By what reasoning can he be said to be entirely freed from the consequences of his act just because, if he had perpetrated it long after he actually did, another sovereign power, the United States, through its courts would have jurisdiction. The act when done was a violation of the law of this Commonwealth which is still in full force and effect, done within its territorial

jurisdiction; the Commonwealth had jurisdiction of the subject matter and obtained jurisdiction of the person by proper process, and its proper officer proceeded with legal action in the proper court, which court has never relinquished its jurisdiction, so obtained. The fact that such court has not jurisdiction of like offenses now committed in the area in which the act, in question, was committed, should have no bearing on an offense committed when this court had jurisdiction over the area in which it was committed, and obtained jurisdiction of the person of the perpetrator by proper legal process while it still had jurisdiction over the area in which the offense was committed. The whole matter became fixed. When the jurisdiction of a court has legally and properly attached to the person and subject matter in a legal proceeding, such jurisdiction continues until the cause is fully and completely disposed of: 14 Am. Jur. 370, §170; Gulf, Colo. & Santa Fe R. Co. v. Muse, 4 A. L. R. 613, 616.

"Generally, once a court obtains jurisdiction of the person of the accused and of the subject matter, it retains the same until final disposition or determination of the case in accord with the law. . . .

"The subsequent happening of events, although they are of such a character as would have prevented jurisdiction from attaching in the first instance, will not operate to oust jurisdiction already attached": 22 C. J. S. 261, §165(a). See Harmon v. State, 62 So. 438, 440, 8 Ala. App. 311.

Of course, if the subject matter is wiped out by act of a legislative body, the cause is finally disposed of.

What is the subject matter in the instant case? The subject matter is larceny committed within the territorial boundaries of the Commonwealth and, as to this court, larceny committed within the territorial boundaries of Franklin County. This court had jurisdiction to try all larceny cases committed in Franklin

County at the time of the occurrence in question. Defendant was charged with committing larceny in Franklin County, the Commonwealth then having jurisdiction of crimes committed in Letterkenny Ordnance Depot, which is within the boundaries of Franklin County. This court continued to have and still has jurisdiction of all larceny committed in Franklin County. Its jurisdiction as to the subject matter has not been changed. The mere fact that the extent of territory under its jurisdiction has been changed cannot abrogate its jurisdiction over those matters which took place in territory over which it then had jurisdiction and to which its jurisdiction attached, because the portion of the territory in which such matter occurred has since been placed under another jurisdiction. It still has jurisdiction of the same subject matter, limited now only in territory, and the change in territory cannot oust its jurisdiction had and attached before such change took place: Lindsay v. McCormack, 2 A. K. Marsh (Ky.) 229; 12 Am. Dec. 387. As we have said, the cases cited by petitioner apply when the subject matter is wiped out. For instance, if the statute making larceny a crime in Pennsylvania, under which this prosecution was brought, were repealed before final adjudication of this case, without a saving clause, then this court's jurisdiction would be lost because there would no longer exist in Pennsylvania the crime which is the subject matter of the instant criminal proceeding and no one can be punished for a crime which does not exist at the time of the trial therefor, or of meting out punishment. In this case defendant, as we have said, is charged with committing larceny in Franklin County, Pa. That is the subject matter of this proceeding. There is no question that the crime occurred in Franklin County. This court now has jurisdiction of such subject matter. It has jurisdiction of the person of defendant. There is no valid reason why it should not proceed with this case to its final deter-

mination, as it has jurisdiction, both of the subject matter and the person of defendant.

Now, June 25, 1948, rule discharged, at defendant's costs.