TAYLOR *v.* STATE OF INDIANA.

[No. 29,102. Filed June 15, 1954.]

*L. Aldridge Lewis, Jr.,* and *Howard R. Hooper,* both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Frank E. Spencer,* Deputy Attorney General, for appellee.

FLANAGAN, C. J. — Appellant was charged in the *Criminal Court of Marion County, Division No. 1,* with first degree burglary. Trial to the court without the intervention of a jury resulted in a finding and judgment of guilty and sentence of ten to twenty years. He had pleaded not guilty and not guilty by reason of the fact that at the time of the commission of the alleged crime he was of unsound mind.

Upon appeal, appellant assigns as error that the court erred (1) in overruling his motion for a new trial, (2) in withholding ruling on his motion to be discharged, proceeding with the case while such motion was pending, and never ruling on that motion, (3) in denying him due process of law, and (4) in proceeding without jurisdiction of the subject-matter involved or the jurisdiction of the person of appellant.

A grand jury indictment was filed on June 12, 1950, charging that on April 16, 1950, appellant committed the alleged offense.

On June 29, 1950, upon suggestion of the prosecuting attorney, the court ordered a hearing for July 8, 1950, to determine whether appellant was insane or without sufficient comprehension to understand the nature of the pending criminal action; such determination to be under the provisions of §9-1706, Burns' 1942 Replacement, Acts 1913, Chapter 298, Section 6, page 774. The court also appointed counsel for appellant and two physicians to examine him concerning his sanity. On July 8, 1950, appellant and counsel being present, the court heard evidence, consisting of the testimony of the two physicians heretofore referred to as having been appointed by the court. The result was a finding that appellant was at that time of unsound mind and

without sufficient comprehension to understand the pending proceeding against him. Upon that finding the court ordered that he be committed to the Indiana Hospital for Insane Criminals until such time as he should become sane and be placed on trial.

On September 4, 1951, the Criminal Court of Marion County was notified by the Warden of the Indiana State Prison, who had jurisdiction over the Hospital for Insane Criminals, that appellant had regained his sanity. The court thereupon ordered his return to the Marion County Jail to await the court's further order.

On September 21, 1951, appellant appeared in court with his attorney, waived arraignment, and pleaded not guilty. At that time he filed an answer in two paragraphs, (1) denying all material allegations of the indictment, and (2) alleging that at the time of the crime alleged he was a person of unsound mind.

On October 17, 1951, such date having previously been set for trial, appellant with his attorney appeared in court, and the court appointed two physicians to examine appellant as to his sanity on April 16, 1950, the time of the alleged offense. The trial was continued by agreement.

On April 26, 1952, appellant, with counsel and with his mother, appeared in court and waived trial by jury, his mother joining in the request.

On April 28, 1952, appellant, with counsel, appeared in court and the cause was submitted for trial. At the end of the State's evidence, appellant moved for a finding of not guilty and discharge. On that motion the court withheld ruling, and the appellant's evidence was introduced and the trial was continued.

On May 3, 1952, appellant, with his counsel and his mother, appeared in court, the trial was resumed, evidence of the two physicians appointed by the court was heard, rebuttal evidence was heard, the hearing of

evidence was concluded, and the cause was taken under advisement.

On July 12, 1952, appellant, with counsel, appeared in court, and the court entered judgment that it continue the matter under advisement so long as appellant remained in the Indiana Epileptic Village and complied with its rules and regulations, and that appellant was of the age of twenty years.

On May 8, 1952, appellant's mother had filed application in the *Marion Circuit Court* for commitment of appellant to the Indiana Village for Epileptics, and on June 4, 1952, her petition was granted.

On April 8, 1953, the Prosecuting Attorney of Marion County filed in the *Criminal Court of Marion County, Division No. 1,* an "Information and Petition for Hearing" to the effect that appellant had on September 17, 1952, escaped from the Indiana Village for Epileptics, was apprehended in the State of Ohio, and was at the time in the Marion County Jail. The prayer was that appellant be brought before the court for further proceedings.

On April 18, 1953, appellant appeared in the Criminal Court of Marion County, Division No. 1, with counsel, and upon hearing the court found that appellant had violated the terms and conditions of its order of July 12, 1952, as hereinabove set forth, that he was guilty as charged, and entered judgment of guilty, and that he be sentenced to ten to twenty years.

On May 8, 1953, appellant filed a motion for a new trial on these grounds:

(1) Refusal to grant appellant's motion for discharge, hereinabove referred to.

(2) Withholding judgment on July 12, 1952, hereinabove referred to.

(3) Permitting the filing of the "Information and Petition for Hearing," hereinabove referred to, and

sentencing appellant without evidence that appellant had violated the rules of the Indiana Village for Epileptics.

(4) The decision is contrary to law and not supported by sufficient evidence.

(5) The Criminal Court of Marion County, Division No. 1, no longer had jurisdiction of person or subject-matter after the order of July 12, 1952, hereinabove referred to.

We need not speak upon each of the above questions, item by item. It is sufficient to say that this court reaffirms the theory set forth in *Warner* v. *State* (1924), 194 Ind. 426, 143 N. E. 288, that a defendant is entitled to have sentence pronounced with reasonable promptness. Unusual delay must be for some recognized legal purpose, and, even then, termination of the delay must be fixed. An American citizen is entitled to live without a Damocles sword dangling over his head.

Judgment reversed, with instructions to enter judgment for appellant.

Emmert and Gilkison, JJ., concur with separate opinions.

Bobbitt and Draper, JJ., dissent with separate opinions.

NOTE.—Reported in 120 N. E. 2d 165.

## CONCURRING OPINION

GILKISON, J., Concurring.—I concur with the majority opinion of Flanagan, J., and submit herewith some additional ideas of my own which I think are applicable to the situation presented in this appeal.

This is not a civil action and procedural rules and laws with respect to the power of the trial court to hold in abeyance its finding and judgment after the

evidence is fully heard and both sides have rested in a civil action, do not apply to this case.

This is a criminal action in which the right to liberty of a human being is at issue. From the time the action was filed until final judgment, the defendant was entitled to have the benefit of all the remedies constituting due course of law as guaranteed by the constitution of Indiana, Art. I, Sec. 12. Among other things this section of our state constitution provides: "Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." The last two clauses noted, apply forcibly to the situation presented in this appeal. Any statute, any reasonable rule or course a court may adopt or follow that will aid or compel a complete and speedy trial of a criminal case is lawful and constitutional.

But any statute, or any rule or course a court may follow that prevents a complete trial and denies a final judgment for an unusual period, without good cause shown by the record, is a violation of the rights vouchsafed to every human being by the constitutional provisions noted. These rights are among the highest, most valuable, and dearest to the hearts of all free men. Their protection by the courts is absolutely essential if human liberty shall continue.

After a criminal case is tried by a judge without the intervention of a jury, the speedy rendition of a finding and a final judgment thereon is an essential part of the due course of law provision of the Indiana Constitution Art. 1, Sec. 12, and the due process clause of the 14th Amendment of the United States Constitution. *Todd* v. *State* (1951), 229 Ind. 664, 693, 101 N. E. 2d 45. In such a situation the court cannot keep the finding and judgment *in fieri* longer than the last

day of the term of court at which the trial was had. *Grundel* v. *People* (1905), 33 Colo. 191, 192, 79 Pac. 1022, 108 Am. St. Rep. 75; *In re Flint* (1903), 25 Utah 338, 341, 71 Pac. 531, 95 Am. St. Rep. 853; *People ex rel. Smith* v. *Allen* (1895), 155 Ill. 61, 62; *Commonwealth* v. *Maloney* (1887), 145 Mass. 205, 209; *People* v. *Barrett* (1903), 202 Ill. 287, 289; *Smith* v. *State* (1919), 188 Ind. 64, 68, 121 N. E. 829, 3 A. L. R. 999. See interesting annotation, 3 A. L. R. 1004; *People* v. *Felker* (1886), 61 Mich. 110, 27 N. W. 869.

I do not think that by the simple device of not making a finding during the term, without a sufficient reason for the delay being shown by the record, the court could withhold judgment indefinitely. By so withholding judgment in this case the trial court forfeited jurisdiction of appellant.

The judgment of the lower court should be reversed and the defendant should be discharged.

### CONCURRING OPINION

EMMERT, J., Concurring.—I concur in the majority opinion of my Brother Flanagan, but I think the facts are so unusual that they warrant a concurring opinion. The mental condition of the appellant presented a very difficult problem for the eminent trial judge, and although I believe he was mistaken in the effect of some of the statutes involved, he attempted to handle the situation in an enlightened manner. It is not his fault nor the fault of this court that the statutes leave a gap that should be closed by further remedial legislation. However, courts have no authority to legislate, nor should they ignore the plain mandates of the Constitution in dealing with a hard case, which too often results in the making of bad law.

Appellant was arrested and charged with burglary

in the first degree. When he was in the Marion County jail he became violent. It was then suggested to the court that he was a person of unsound mind, and after proper hearing, it was determined by the trial court that he did not have sufficient comprehension "to understand the proceedings and make his defense," and he was committed to the Indiana Colony for the Criminal Insane. He was returned for trial upon restoration to sanity, and a special plea of insanity was interposed in his behalf. The court appointed two experienced psychiatrists to examine appellant. Dr. Philip B. Reed testified in substance that appellant may have suffered from epilepsy, that appellant was dangerous to society and not a safe person to be put at liberty.

On April 28, 1952, the cause was submitted to the trial court, without the intervention of a jury, on the indictment and appellant's plea of not guilty and the special plea of insanity. On this day the trial was recessed until further order of the court, and on May 3, 1952, further evidence was heard and concluded, and the court took the matter under advisement. On July 12, 1952, the court continued the matter under advisement "so long as defendant remains in the Indiana Epileptic Village, New Castle, Indiana, and complies with their rules and regulations, and judgment withheld under the Minor Statute, as said defendant's true age is twenty (20) years." No finding of guilty was entered.

On June 4, 1952, on a petition filed by one Rose Lee Taylor in the Marion Circuit Court, that court found appellant to be an epileptic and ordered him committed to the Indiana Village for Epileptics. On or about September 17, 1952, appellant escaped from that institution and went to the State of Ohio where he was arrested, and then he was returned to Indianapolis.

On April 18, 1953, the Criminal Court of Marion County, Division No. 1, caused the appellant to be brought before it, entered a finding that defendant was guilty of burglary in the first degree, and sentenced him to the Indiana Reformatory for a term of not less than ten nor more than twenty years.

Section 12 of Article 1 of the Indiana Constitution provides that "Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." This constitutional mandate is based on the solid foundation of the Magna Charta, which by Clause 39 declares "to no one will we sell, deny, or delay right or justice." In *Warner* v. *State* (1924), 194 Ind. 426, 431, 432, 143 N. E. 288, this court held an unreasonable delay in pronouncing judgment upon a plea of guilty made the judgment void for want of jurisdiction, and said "it is the duty of the court upon a plea of guilty or upon a finding or verdict of guilty, to impose sentence at that time unless there is reasonable excuse for delay, which delay must be for a time certain for a definite recognized legal purpose, and that an indefinite postponement of rendering judgment or pronouncing sentence will deprive the court of jurisdiction of the person of the defendant, from which it follows that a subsequent sentence is void. *Smith* v. *State* (1919), 188 Ind. 64, 121 N. E. 829, 3 A. L. R. 999; *Gray* v. *State* (1886), 107 Ind. 177, 8 N. E. 16; *Shaffer* v. *State* (1885), 100 Ind. 365; *Smith* v. *Hess, Sheriff* (1884), 91 Ind. 424; *People ex rel. Smith* v. *Allen* (1895), 155 Ill. 61, 39 N. E. 568, 41 L. R. A. 473; *Commonwealth* v. *Maloney* (1887), 145 Mass. 205, 13 N. E. 482; 25 Am. & Eng. Enc. of Law (2d ed.) 314; *Weaver* v. *People* (1876), 33 Mich. 296, 2 Am. Crim. Rep. 552; *People* v. *Barrett* (1903), 202 Ill. 287, 67 N. E. 23, 63 L. R. A. 82, 95 Am. St. 230;

*United States* v. *Wilson* (1891) (C. C.), 46 Fed. 748; *State ex rel.* v. *Sapp* (1912), 87 Kans. 740, 125 Pac. 78, 42 L. R. A. (N. S.) 249; *People* v. *Kennedy* (1885), 58 Mich. 372, 25 N. W. 318; *Grundel* v. *People* (1905), 33 Colo. 191, 79 Pac. 1022, 108 Am. St. 75; *State* v. *Hockett* (1908), 129 Mo. App. 639, 108 S. W. 599." *A fortiori* when there ·is an unreasonable delay in a court making a finding, the finding is void. The rights of an accused cannot be prejudiced by the fact that a court neglected to make a finding rather than enter a judgment on a finding made in a reasonable time. Both violate our constitutional mandate above cited.

In my opinion the record here discloses the delay was not due to this mentally defective appellant. He did not institute the proceedings in another court to have himself committed to the Indiana Village for Epileptics. Section 22-2012, Burns' 1950 Replacement, provides for an adversary proceeding with a hearing and a judgment of commitment to be entered. Section 22-2013 requires a warrant to issue. Section 22-2017 provides in part that, "All persons admitted to the institution shall, until properly discharged from said institution, be under the custody and control of the superintendent; and the superintendent may, subject to such regulations as the trustees see fit to adopt, restrain and discipline any patient in such manner as he may judge is demanded for the welfare of the patient and the proper conduct of the institution." Section 22-2018 provides that "No person shall be discharged from the said village for epileptics until, in the judgment of the superintendent, the mental and physical condition of the patient justifies it."

There was no statutory authority for the trial court to proceed under §9-1203, Burns' 1942 Replacement, since that section only applies where an accused under

21 years of age has pleaded guilty, which was not the case here. It is not necessary here to discuss the constitutional power of the legislature to empower the courts to enter an indefinite withholding of judgment.

"A trial includes all steps taken in a cause from the time it is submitted for trial until the rendition of final judgment." *State ex rel. Conner* v. *Pritchard, Judge* (1944), 115 Ind. App. 55, 60, 54 N. E. 2d 283. Sections 9-1402 to 9-1404, Burns' 1942 Replacement, safeguard the rights of an accused to a speedy trial, and Rule 1-13 was not adopted to supersede these sections. The immediate cause for the adoption of the rule was complaint made to this court in a mechanic's lien action, where after the evidence had been concluded, the trial court kept the matter under advisement more than a year without making any finding and judgment. There is no reason why we cannot take judicial notice of the reason for the rule when we construe it. A trial judge by refusing to make a finding cannot escape the above sections of the criminal code giving an accused a right to an absolute discharge for delay in trying the cause.

As the record now stands before us, the appellant should be returned to the custody of the superintendent of the Indiana Village for Epileptics. If security provisions there are not adequate, such are not the responsibility of the judiciary. Jurisdiction of his person is in the State and he is a ward of the State by reason of the commitment as an epileptic. The criminal court cannot have jurisdiction of him at the same time. The judgment sentencing appellant is void, and for that reason it must be reversed.

### DISSENTING OPINION

BOBBITT, J.—I cannot agree with the majority opinion for the following reasons:

*Warner* v. *State* (1924), 194 Ind. 426, 143 N. E. 288, upon which the majority opinion is based, has no application to the facts in this case. In the Warner case defendant-Warner was arraigned and entered a plea of guilty on April 23, 1921. On May 11, 1921 he was released on his own recognizance pending further order of the court. On October 2, 1922, defendant was produced in court by the sheriff under order of the court, at which time judgment was entered that he be fined and committed to the Indiana State Prison.

It was there asserted that the court had lost jurisdiction to pronounce judgment and sentence Warner after his having been released on his own recognizance for approximately 18 months after his plea of guilty and before judgment was entered on his plea.

The decision in that case was based upon a statute.[1] At page 430 of 194 Ind., this court said:

"Under the common law and early practise generally in the jurisdictions of the states the trial court was not confined closely as to time when judgment was to be pronounced, either upon a plea of guilty or upon finding of verdict of guilty, but might withhold rendering judgment. Even under statute, this court has held that the trial court may withhold sentence until a time certain for a definite and valid reason. But in the face of the statute which requires that the accused shall be sentenced upon his plea of guilty, or be placed in the custody of the sheriff until sentenced, the sentence and rendition of judgment may not be prolonged for an indefinite and uncertain period of time. That part of §2073, Burns' 1914, Acts 1905, p. 584, §202, applicable to this case, is: 'If the accused plead guilty, said plea shall be entered on the minutes, and he shall be sentenced, or he

1. Acts 1941, ch. 148, §11, p. 447, being §9-1203, Burns' 1942 Replacement.
See also: *Smith* v. *State* (1919), 188 Ind. 64, 121 N. E. 829, 3 A. L. R. 999; *Varish* v. *State* (1928), 200 Ind. 358, 163 N. E. 513.

may be placed in the custody of the sheriff until sentenced;' . . ."

The rule which the majority opinion would apply in the case now before us is stated at page 431 of 194 Ind. as follows:

"Under the statutes of our own state, and as pronounced by the decisions of the appellate courts generally, the rule is well settled that it is the duty of the court *upon a plea of guilty or upon a finding or verdict of guilty*, to impose sentence at that time unless there is reasonable excuse for delay, which delay must be for a time certain for a definite recognized legal purpose, and that an indefinite postponement *of rendering judgment or pronouncing sentence* will deprive the court of jurisdiction of the person of the defendant, from which it follows that a subsequent sentence is void." (My italics.)

It will be noted that the rule as above stated prescribes the duty of the court upon a plea of guilty or upon a finding or a verdict of guilty. It does not attempt to say when the court shall render a finding of guilty or not guilty when a trial is had by the court upon a plea of not guilty as is the situation in the case at bar. *Here there has been no plea of guilty.* Appellant was tried by the court on his plea of not guilty and on May 3, 1952, the hearing of evidence was concluded and the cause taken under advisement. On July 12, 1952 the matter was continued under advisement as to finding and judgment "so long as defendant remains in the Indiana Epileptic Village, New Castle, Indiana, and complies with their rules and regulations."

A finding of guilty was not entered until April 18, 1953, when appellant-defendant was brought before the court on an information filed by the prosecuting attorney that he had escaped from the Epileptic Village at New Castle, and sentence was pronounced im-

mediately upon the finding of guilty in full compliance with the rule as stated in the Warner case.

It cannot be said that appellant's constitutional right to a speedy trial without delay has been violated. He had a trial without undue delay, and since he acquiesced in the action of the court wherein the cause was held under advisement for approximately one year, he cannot now complain that he was denied his rights under Article 1, Section 12 of the Indiana Constitution.

The trial court here had jurisdiction of the subject-matter, of the person, and of the particular class of cases, and this jurisdiction continued and the court's duty was not completed until sentence was pronounced on April 18, 1953. The case remained pending and continued with the unfinished business of the court from term to term until the court's duty was completed by the final disposition of all the matters submitted to it. *Miller & Babbs* v. *Hall* (1933), Tex. Civ. App., 62 S. W. 2d 165, 166; *Moroney* v. *Tannehill* (1923), 90 Okla. 224, 215 Pac. 938, 942; *Gulf, Colorado & Santa Fe R. Co.* v. *Muse* (1919), 109 Tex. 352, 207 S. W. 897, 4 A. L. R. 613, 616; *Commonwealth* v. *Vaughn* (1948), 64 Pa. D. & C. 320, 323.

In the absence of a rule of court on this subject the matter of the time when a judge may decide a case submitted to him for decision is as much a matter of judicial discretion and judgment as the matter of how he may decide it. *Wyatt* v. *Arnot* (1907), 7 Cal. App. 221, 94 Pac. 86, 89; *Barnes* v. *Benham* (1904), 13 Okla. 582, 75 Pac. 1130.

The legislature of Indiana attempted by statute[2] to limit the time within which a trial court might hold a case under advisement. However, this provision was declared unconstitutional as being a legislative inter-

2. Section 2-2102, Burns' 1946 Replacement.

ference with the judiciary. *State ex rel. Kostas* v. *Johnson* (1946), 224 Ind. 540, 550, 69 N. E. 2d 592, 168 A. L. R. 1118.

This court recognized the principle that a trial court does not lose jurisdiction by taking a case under advisement beyond the end of a term, and provided a remedy for litigants whose cases were being held under advisement indefinitely by trial judges and a method of preventing an abuse of the court's discretion as to the time of deciding issues by the adoption of Rule 1-13.[3]

This rule was in effect at the time appellant's case was taken under advisement. If appellant, at any time, felt that the trial court was abusing its discretion in holding his case under advisement in the manner shown by the record, his remedy was to invoke the provisions of said Rule 1-13. I know of no other rule of court or of any statute in this state which requires a trial judge to decide a case, either civil or criminal, within any specified time after it has been submitted to him.

It has been held in numerous jurisdictions where a decision of a cause is carried over by a proper entry

---

3. Rule 1-13. Time for Holding Issue Under Advisement. Whenever *any issue* of law or fact shall hereafter be submitted to the court for trial, ruling, or decision, and the judge shall take the same under advisement, the court shall not hold the same under advisement for more than ninety (90) days; but if the court wherein said issues are pending be then in vacation, he shall make his determination therein on the first day of the next succeeding term. Provided, that if the judge shall fail to determine any issue of law or fact within the time above reserved, then upon written application of any of the parties to the action or their attorneys of record duly filed in the office of the Clerk of said court and called to the attention of said judge before the announcement of the decision of the issue in question, the submission of said issue shall thereupon be withdrawn and the judge before whom said cause is pending shall be disqualified to hear or determine any of the issues in said cause, and a special judge shall be appointed to take jurisdiction thereof under the same rules and regulations prescribed by law in cases where the judge is disqualified for hearing a given cause.

With respect to any such issues under advisement on the date of the adoption of this rule, the ninety (90) day limitation shall begin to run from the date of its adoption. (Adopted April 30, 1952.) (My italics.)

such as *curia advisari vult* the judgment may be rendered at a subsequent term. *People* v. *Noonan* (1917), 276 Ill. 430, 437, 114 N. E. 928, 931; *Moroney* v. *Tannehill* (1923), 90 Okla. 224, 215 Pac. 938, 942, *supra;* *Bookhart* v. *New Amsterdam Casualty Co.* (1939), 226 Iowa 1186, 286 N. W. 417; *Tarpenning* v. *Cannon* (1882), 28 Kan. 665, 667; *Hoffman* v. *Hoffman* (1943), 156 Kan. 647, 135 P. 2d 887, 892; *Ditch, Ex'r, etc.* v. *Trustees of Shurtleff College* (1881), 8 Ill. App. 294.

Applying the rule of *expressio unius exclusio alterius* to Rule 1-10, Rules Ind. Sup. Ct., 1954 Ed., Rule 1-13, *supra,* is applicable in criminal cases as well as civil cases.

I would sustain the judgment of the trial court.

### DISSENTING OPINION

DRAPER, J.—I concur in Judge Bobbitt's well reasoned dissenting opinion, and wish to add a few words.

The majority opinion seems to hold that the trial court lost jurisdiction because the matter was held under advisement something over eleven months, and it orders the entry of a judgment for the appellant, who had been found guilty of first degree burglary and sentenced to a term of ten to twenty years. In so deciding the court has, in my opinion, created a problem more serious than any it may have put at rest.

It occurs to me to wonder just when the trial court lost jurisdiction. Was it a few days, weeks or months after the cause was taken under advisement? I think this question has now become one of great importance in the administration of the criminal laws of this state.

Without any reference whatever to Rule 1-13, which I thought was designed and adopted to take care of situations such as we have here, the court says, in effect, that if trial courts hold cases under advisement too long, they lose jurisdiction. I think trial courts are

entitled to know how long is too long. Some yardstick should be furnished whereby they can make this important measurement. If such is not done, I fear that trial courts all over the state will find themselves extending these "judicial pardons" without knowing they are doing so.

I am afraid that the legendary sword which the court has removed from over the heads of culprits now dangles over the heads of our trial judges.

NOTE.—Reported in 120 N. E. 2d 165.